## State of Vermont v. Arnold M. Hebert

[ 205 A.2d 816 ]

October Term, 1964

Present: Holden, C. J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 1, 1964

*Robert D. Rachlin,* State's Attorney, for the State.

*Davis, Martin & Free* for Respondent.

**Holden, C. J.** As a consequence of a speeding conviction, the Commissioner of Motor Vehicles ordered the suspension of Arnold M. Hebert's license to operate a motor vehicle for a period of fifteen days. The order was dated January 28, 1963 and directed Hebert, the respondent, to surrender his operator's license immediately upon receipt of the order of suspension. The order was mailed by certified mail to the respondent at St. Johnsbury, Vermont.

Soon after the communication reached the post office, the respondent presented a notice of arrival card to the registry window. The envelope indicated a return receipt was required from the addressee and carried the instruction—"After five days return to Department of Motor Vehicles."

Before signing for the communication, the respondent stated to the postal clerk: "Let me see that.—I know what that is. I'll pick that up tomorrow." The respondent did not return for the communication within five days. At that time, the letter was returned to the Department of Motor Vehicles at Montpelier, marked "UNCLAIMED."

On February 6, 1963, the respondent was halted by a state police officer while operating his automobile on a public highway. A prosecution followed which resulted in the respondent's conviction, after trial by jury, for driving while under suspension in violation of 23 V.S.A. §674.

This appeal by the respondent challenges the legal sufficiency of the evidence. It is his contention that he had no actual notice of the suspension of his license until he was stopped by the police officer. He argues that without evidence that the order of suspension and demand for surrender of his operator's license was actually communicated to him, his conviction cannot stand.

23 V.S.A. §204 provides: "A person whose license to operate a motor vehicle, or whose motor vehicle registration is suspended or revoked by the commissioner under the provisions of this title shall surrender forthwith his license or registration upon demand of the commissioner or his authorized inspector or agent. Such demand shall be made in person or by notice in writing sent by registered or certified mail to the last known address of such person, and such suspension or revocation shall be deemed to be in full force and effect upon the making of such demand, if made in person, or three days after the deposit of such notice in the United States mails, if made in writing."

It is not questioned that the commissioner had statutory authority to suspend the respondent's license for the period specified. The commissioner took each administrative step required by section 204 to accomplish an effective suspension of the respondent's license to operate a motor vehicle in this state for fifteen days. This revocation

went into full force and effect three days after the order was deposited in the mail in the manner prescribed by the statute.

23 V.S.A. §674 makes it a misdemeanor for one whose license has been revoked to operate a motor vehicle during the period of suspension and until the privilege has been restored. The section does not require notice or knowledge of suspension on the part of the offender.

The respondent urges us to construe the section to require actual notice of suspension on the part of the operator as an essential ingredient of the offense charged. He advocates that a different interpretation would offend state and federal constitutional demands.

The facts presented fail to develop a constitutional question. The commissioner's compliance with the procedure prescribed in 23 V.S.A. §204 constituted constructive notice to the respondent that his license had been suspended. The evidence presented by the State in the testimony of the postal clerk that the respondent admitted he knew the contents of the communication from the motor vehicle department was sufficient to support a finding by the jury that he had actual knowledge of the fact that his license had been suspended.

Herein lies the distinction between the respondent's situation and that prevailing in *Podany* v. *State of Texas,* 172 Cr. App. 451, 358 S.W. 2d 118, upon which he relies. There the evidence was undisputed that the respondent had never received the communication and there was no evidence that he knew the notice had been mailed.

To be sure, the respondent denied the statement attributed to him when the letter was presented at the post office. But it was for the jury to resolve the truth of the assertion. Finding against the respondent on this point, it was proper for the jury to conclude—"if one contrary to his duty closes his eyes and refuses to see, he cannot excuse his conduct by showing that he did not discover that for which he would not look—." 1 Bishop's Criminal Law, §302, p. 203 (9th Ed.).

*Judgment affirmed. Let the sentence be executed.*