**Josephine L. Aiken, et al. v. James E. Malloy, Commissioner of Motor Vehicles of Vermont**

[315 A.2d 488]

No. 93-73

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed February 5, 1974

*John A. Dooley, III, Esq., J. Morris Clark, Esq.*, and *William M. Dorsch, Esq.*, Vermont Legal Aid, Inc., for Plaintiffs.

*Kimberly B. Cheney,* Attorney General, and *William O. Wuester,* Assistant Attorney General, for Defendant.

**Keyser, J.** Plaintiff Aiken brought a complaint for a declaratory judgment and injunctive relief relating to the enforcement of 23 V.S.A. § 604 by the commissioner of motor vehicles. The statute authorizes the commissioner to suspend the license of a motor vehicle operator whose poll tax is delinquent. Plaintiff instituted action on behalf of herself and alleged she represented a class of persons similarly situated. There are twenty-two other plaintiffs whom the court allowed to intervene and file complaints.

The challenge is of constitutional dimension since each plaintiff claims that the license suspension under the statute is unconstitutional as to him because (1) poll taxes were wrongfully assessed against them and (2) they never had

the opportunity to contest this assessment before their licenses were suspended. They also claim that the collection procedure of suspending their operator's license for non-payment of poll taxes denies them equal protection of the law.

The case was heard on stipulated facts. Based on its findings of facts, the court issued an order permanently enjoining the commissioner from suspending the operator's license of each plaintiff with the exception of plaintiff Aiken. The court dismissed her as a party; it being stipulated that her tax had been abated.

The lower court held that the statute violated both the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, in that it failed to provide for hearing before the defendant prior to his suspensions of the plaintiffs' operator's licenses and that such suspensions for the failure to pay a poll tax do not bear a rational relationship or compelling State interest to public safety.

Before we turn to a review of the correctness of the lower court's order, we must examine the statutory manner in which a poll tax liability is imposed.

The listers are charged with the duty of setting the polls of all inhabitants of the State not exempted under 32 V.S.A. § 3801. 32 V.S.A. §§ 3601, 5014. Such polls are either set in the grand list of the town wherein such inhabitants reside on April 1 of each year (32 V.S.A. §§ 3601, 4152), or set in a separate list and filed in a separate book apart from the property list, both of which are part of the grand list (32 V.S.A. § 5020).

The parties have agreed that the polls of the plaintiffs in this case were set according to the latter procedure, which subsequently provides for the following: The poll list must be filed by the listers either on or before May 1 of each year in towns having less than 4,000 ratable polls or on or before May 10 of each year in towns having 4,000 or more ratable polls. 32 V.S.A. § 5014. After the poll list is filed, the selectmen shall assess the poll tax of each tax-paying inhabitant of the town and make a rate bill of all poll taxes, the rate on each poll determined by combining the rate of taxes

voted by the town and each municipality within such town in which the individual taxpayer resides. 32 V.S.A. § 5015.

Also included in that assessment is the old age assistance tax of $5.00 and collected along with the poll tax as a single tax. 32 V.S.A. §§ 5012, 5013. Ninety-five per cent of the old age assistance tax assessed is pledged revenue to the Department of Social Welfare for public assistance to aged persons. 32 V.S.A. § 5012(a).

Under this procedure, the selectmen shall place the poll tax bill in the hands of the collector of town taxes, or treasurer as the receiver of taxes, either of whom shall forthwith collect the poll taxes in the manner provided for the collection of town taxes placed in his hands. 32 V.S.A. § 5017. If a poll tax becomes delinquent, the collector may, among other remedies, seek to have the delinquent taxpayer's operator's license suspended by the defendant as provided in 23 V.S.A. § 604, which reads:

> . . . The collector of taxes of any municipality, school district or fire district may, after poll taxes become delinquent, submit to the commissioner a typewritten list containing the full name in alphabetical order of surnames and the address of delinquent taxpayers with a request to insert opposite each name on such list the operator's number, if any appears on record. Upon return of such list such collector of taxes shall, if an operator's license appears of record, submit on forms to be furnished by the commissioner, a request for the suspension of the operator's license of a delinquent taxpayer, furnishing such commissioner with the full name, address and operator license number of the person to be suspended and the reason for the request. The commissioner shall, provided such tax collector certifies in writing that to the best of his knowledge and belief such taxes are unpaid and that a demand for such taxes has been made in person or in writing and that the taxpayer or person liable for payment of the tax neglects and refuses to pay same, suspend the operator's license of such person and shall not reinstate or re-issue another license to such person until notified in writing by the collector that such person is no longer delinquent in the payment of such taxes. A collector of taxes shall immediately notify

the commissioner, in writing, when payment of such delinquent taxes has been made.

At the outset of the examination of the adequacy of due process afforded to the plaintiffs prior to the requests made to the defendant to suspend their operator's licenses for failure to pay poll taxes, we recall the words of Justice Moulton in *Clark* v. *City of Burlington,* 101 Vt. 391, 410, 143 A. 677 (1928):

> Where a statute itself makes an assessment . . . for purposes of taxation, the tax being recoverable by suit, it is not required, in order to constitute due process of law, that any other notice than that contained in the statute be given the taxpayer. *Clement National Bank* v. *State of Vermont,* 231 U.S. 120, 143, 58 L.Ed. 147, 158, 34 Sup.Ct. 31; *Bell's Gap R. R. Co.* v. *Pennsylvania,* 134 U.S. 232, 33 L.Ed. 892, 895, 10 Sup.Ct. 533. "But where the Legislature . . . commits to some subordinate body the duty of . . . making the assessment, . . . due process of law requires that, at some stage of the proceedings, before the tax becomes irrevocably fixed, the taxpayer must have opportunity to be heard, and notice, either personal, by publication, or by a law fixing the time and place for hearing." *Londoner* v. *Denver,* 210 U.S. 373, 385, 52 L.Ed. 1103, 1112, 28 Sup.Ct. 708, 714; *Turner* v. *Wade,* 254 U.S. 64, 68, 65 L.Ed. 134, 41 Sup.Ct. 27, 28.

Here, the Legislature committed to the selectmen of towns the duty of assessing the poll tax. Coupled with the assessment, the Legislature has provided the operator's license suspension as a penalty for nonpayment as a weapon in the arsenal of the town tax collector to collect that tax.

■ While an operator's license "is not a natural or unrestrained right but a privilege which is subject to reasonable regulation under the police power of the state in the interest of public safety and welfare", *State* v. *Muzzy,* 124 Vt. 222, 224, 202 A.2d 267 (1964), it is an important and valued privilege which may not be arbitrarily suspended or revoked. *McGarry* v. *Costello,* 128 Vt. 234, 240, 260 A.2d 402 (1969) ; *In re Bolio* v. *Malloy,* 126 Vt. 424, 427, 234 A.2d 336 (1967).

Mr. Justice Brennan, writing for the Court in *Bell* v. *Burson*, 402 U.S. 535, 539 (1971), stated:

> Once [operators'] licenses are issued . . . their continued possession may become essential in the pursuit of a livelihood. Suspension of issued licenses thus involves state action that adjudicates important interests of licensees. In such cases the licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment. *Sniadach* v. *Family Finance Corp.*, 395 U.S. 337 (1969); *Goldberg* v. *Kelly*, 397 U.S. 254 (1970). This is but an application of the general proposition that relevant constitutional restraints limit state power to terminate an entitlement whether the entitlement is denominated a "right" or a "privilege".

Mr. Justice Brennan continued:

> [D]ue process requires that when a State seeks to terminate an interest such as that here involved, it must afford "notice and opportunity for hearing appropriate to the nature of the case" *before* the termination becomes effective. *Id.* 402 U.S. at 542.

We next turn to the sufficiency of the notice given to the taxpayer provided under the statutory scheme for collection of the poll tax, which must, of course, be examined in the light of the penalty of suspension of the operator's license for the nonpayment of that tax. Several alternatives are provided for notice to taxpayers by either the collector of the town taxes or the treasurer as receiver of taxes. The collector, after receiving the tax bill, shall endorse on the bill the time when he received it and immediately give ten days' notice in writing to each taxpayer of the amount of his tax and where it is to be paid. 32 V.S.A. § 4772(a). The collector or treasurer, after receiving the tax bill, shall endorse on the bill the time when he received it, immediately post notice in three public places in the municipality giving at least ten days' notice of when and where such taxes are to be paid, and mail a similar notice specifying among other things the amount of the tax to each taxpayer. 32 V.S.A. § 4772(b). The treasurer, upon receipt of the tax bills, shall post notice in at least three public places and publish the same for one week in the newspapers of the town, if any are there published, call-

ing upon the taxpayers to pay their respective taxes on or before the date or dates fixed for payment by vote of the municipality, with a discount rate of not exceeding four per cent upon taxes paid in advance of such date. 32 V.S.A. § 4792. Such discount does not apply to the part of the poll tax that is the old age assistance tax. 32 V.S.A. § 5012(a). If there is no date set by municipal vote for the payment of such taxes with a discount, the treasurer shall publish notices calling upon the taxpayers to pay their respective taxes within a date set in such notices which shall be not less than thirty days nor more than ninety days. In addition to posting and publishing, the treasurer shall mail to each taxpayer at his last known address a notice stating, among other things, the amount of taxes due from him and when the same are payable. 32 V.S.A. § 4792.

█ █ All of these alternatives meet the notice test required for due process stated in *Clark* v. *City of Burlington, supra,* 101 Vt. at 410, for the collection of taxes. However, we here hold that due process requires the choice of alternatives by the official collecting of the poll tax be limited to one requiring personal notice in writing where the penalty of the suspension of operator's license is used as a sanction against those failing to pay the poll tax. In *Mullane* v. *Central Hanover Trust Co.,* 339 U.S. 306 (1950), a New York statute which provided only for notice by publication to beneficiaries in a proceeding for judicial settlement of trust accounts was held to be incompatible with the requirements of the Fourteenth Amendment as a basis for adjudication depriving known persons whose whereabouts were also known of substantial property rights. *Id.* 339 U.S. at 320. Mr. Justice Jackson, writing for the Court, stated:

> The statutory notice to known beneficiaries is inadequate, not because in fact it fails to reach everyone, but because under the circumstances it is not reasonably calculated to reach those who could easily be informed by other means at hand. *Id.* 339 U.S. at 319.

In the collection of poll taxes in the community, the most effective notice is obviously personal. Such is accomplished by a written notice mailed to each taxpayer. In light of this available means of notice and the nature of the penalty con-

templated to be used, *i.e.* operator's license suspension, for the nonpayment of poll taxes, any method of notice that falls short of this requirement is insufficient to adequately inform a holder of an operator's license that that privilege will be suspended if his poll tax is not paid.

Elementary to the question of sufficiency of notice is whether the individual has been informed of the subject matter of the proceeding in question. Notice to the taxpayer of the amount of his poll tax and that it is to be paid provides the taxpayer with the necessary information concerning his tax liability. However, in order for the official collecting the tax to utilize the operator's license suspension as a sanction against the taxpayer for nonpayment of his poll tax, due process requires that the taxpayer be informed of that fact "to afford [him] an opportunity to present [his] objections." *Mullane* v. *Central Hanover Trust Co., supra,* 339 U.S. at 314. Mr. Justice Jackson explained:

> "The fundamental requisite of due process of law is the opportunity to be heard." *Grannis* v. *Ordean,* 234 U.S. 385, 394. This right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest. *Id.* 339 U.S. at 314.

Appellees contend that they were wrongfully assessed poll taxes and never had an opportunity to contest the assessment before their licenses were suspended. They do not challenge the process by which the license suspension is carried out when payment of the tax is not forthcoming, but rather the process by which tax liability is determined. The appellees each claim their poll tax was wrongfully assessed against them as they were exempt from such payment as "persons actually poor" within the meaning of the exemption granted by 32 V.S.A. § 3801(a)(3). It is their position that, because of the importance of the privilege deprived them by license suspension, due process of the law necessitates hearing and notice requirements which are not met by the present tax assessment process.

Whether a person is "actually poor" and entitled to be granted a poll tax exemption under § 3801(a)(3) is a factual issue for determination by the local officers. Such a

person is one who is without means of support, or destitute, and not able for some unavoidable cause to provide for himself and his family, or a person dependent upon charity. In *Destitute* v. *Putnam Hospital*, 125 Vt. 289, 294, 215 A.2d 134 (1965), we held that a poor person in need of assistance was an indigent person or pauper and that the term assistance implies that the needy person may be able to bear some of the expense of his own support. The words "poor person" and. "pauper" are practically synonymous. *Dane County* v. *Barron County*, 249 Wis. 618, 26 N.W.2d 249, 251, 254 (1947).

■ For the utilization of the license suspension penalty for failure to pay the poll tax to be immune from attack on due process grounds, the initial personal written notice to the taxpayer must include more than the amount of the tax due and the mode of payment. If the official collecting the poll tax contemplates arming himself with the weapon of license suspension, he must also state on the initial personal written notice that if the taxpayer does not pay the poll tax, the official will request the commissioner of motor vehicles to suspend the taxpayer's operator's license pursuant to 23 V.S.A. § 604. The official must also include on the notice that the taxpayer has the right to file a protest with the town clerk on or before August 1 following the receipt of the poll tax notice pursuant to 32 V.S.A. § 4406 if he feels that his name was improperly included on the poll list.

■ This protest is required to be referred by the town clerk to the board of civil authority who shall fix a time for hearing the taxpayer and notify him and the listers of the time and place thereof. 32 V.S.A. § 4406. At that hearing, the taxpayer may present evidence as to a reason why he was improperly included in the poll list as being entitled to an exemption from the poll tax under 32 V.S.A. § 3801, or any other reason, making the assessment of a poll tax against him illegal. See, for example, *Beebe* v. *Town of Rupert*, 114 Vt. 172, 41 A.2d 149 (1945).

Upon a determination by the board of civil authority that the name of the taxpayer was improperly included on the poll list, his name shall be stricken from that list. 32 V.S.A. § 4406. Such a determination would obviously make the tax-

payer immune from the suspension penalty of 23 V.S.A. § 604.

The appellees complain that this statute, 23 V.S.A. § 604, is infirm in that it provides no opportunity for hearing before the commissioner of motor vehicles. Agreeing with this contention would also call into question the procedure for the suspension of operators' licenses following conviction in a court of law in this State. See 23 V.S.A. § 204; *State* v. *Cattanach*, 129 Vt. 57, 271 A.2d 838 (1970); *State* v. *Hebert*, 124 Vt. 377, 205 A.2d 816 (1964). In such a case, our Constitution imposes all necessary due process requirements to protect the defendant in our courts of notice and hearing for the determination of guilt. Vt. Const. Ch. I, Art. 10. Only after such determination does the commissioner impose the penalty of license suspension. There, the judicial function of determination of guilt is carried out by the courts. Here the judicial function of determination of poll tax liability is carried out by the board of civil authority. See *Verrill* v. *Dewey*, 130 Vt. 627, 630, 299 A.2d 182 (1972). In both situations, the judicial functions, in which notice and hearing are required by due process, have already been carried out. All that remains is the ministerial function of imposing the license suspension penalty. All that would be accomplished by recognizing the appellees' contention would be the relitigation of subject matter where notice and hearing have already been statutorily and constitutionally required. This is not requisite of due process. *Wright* v. *Preseault*, 131 Vt. 403, 306 A.2d 673, 677 (1973).

Under the factual circumstances in the individual cases presented to this Court by the several plaintiffs, we hold that under the due process standards stated earlier in this opinion, the plaintiffs have not been given sufficient notice and opportunity for hearing under the various notification alternatives utilized by the town officials collecting the poll taxes in their respective towns to allow the imposition of the penalty of operator's license suspension for the nonpayment of such taxes. Various methods of notification were utilized ranging from notice by publication to personal written notice. However, in one instance the initial notification was not mailed until after the expiration of the time in which to

file a protest in order to entitle the taxpayer to a hearing before the board of civil authority under 32 V.S.A. § 4406. None of these notices announced the penalty of license suspension for the nonpayment of the poll tax or the right of the taxpayer to file a protest with the town clerk to avail himself to a hearing before the board of civil authority.

■■■■ The failure to meet the required standards of notification to satisfy due process requirements does not, of course, vindicate the plaintiffs' liability for payment of the poll tax. The notifications utilized meet the standards required in *Clark* v. *City of Burlington, supra,* 101 Vt. at 410, and do not prohibit the tax being recovered by suit. *Id.* The plaintiffs appear to fault the defendant because they were never notified that they could attempt to qualify for an exemption as being "actually poor". However, four of the twenty-two plaintiffs did apply. 32 V.S.A. § 3801(a)(4) does not require that inhabitants be notified that an exemption is available for persons actually poor. In fact, subsection (a)(1)(C) of § 3801 relating to exemptions for veterans, their wives and widows, mandates:

> That application for such exemption shall be made to the listers on or before May 1 of each year, together with veterans administration certificate, showing proof of such disability.

■■■■ We are not of the opinion that the listers must inquire into the financial status or circumstances of a potential poll taxpayer to determine whether an exemption will be claimed or granted. The burden rests solely on the taxpayer to make an application in the first instance to the listers to be exempted from being listed for a poll tax. But when one or more of the listers are alerted by an application for a poll tax exemption, it becomes their duty to hear the taxpayer after due notice and explore the reasons underlying his claim. Notice in writing of their decision must be given by them to the taxpayer. If the decision is adverse, the listers must inform the taxpayer of his right to protest to the town clerk and be heard on or before August 1 by the board of civil authority as provided by 32 V.S.A. § 4406, to contest his name being included on the poll tax list. Until such pro-

ceedings, which are initiated by the taxpayer, are held and concluded, such taxpayer shall not be subjected to any sanctions for nonpayment, including a suit to recover the unpaid tax or the penalty of license suspension conditioned upon the proper notice and opportunity to be heard demanded by due process previously announced in this opinion. To do so would constitute a denial of due process.

The facts presented in all of the plaintiffs' situations presents a failure to either adequately notify the plaintiffs of the penalty of operator's license suspension for nonpayment of the poll tax or to provide a hearing when requested. Under that posture, the lower court was correct in granting a preliminary injunction against the defendant prohibiting the suspension of the plaintiffs' operators' licenses.

At the time the preliminary injunction was issued each of the plaintiffs was aware that he was included on the poll tax lists of his respective town and had received written notification from the defendant that his operator's license was to be suspended for nonpayment of poll tax pursuant to 23 V.S.A. § 604. However, the time for the hearing before the board of civil authority provided under 32 V.S.A. § 4406 had expired. Had there been no statutory provision to allow the plaintiffs an opportunity to be heard in order to satisfy due process requirements the lower court would have had no alternative but to issue a permanent injunction against the defendant. Such injunction would not have prevented the town officials charged with the duty of collecting the poll tax from recovering the tax by suit.

However, a further remedy still exists for the aggrieved plaintiffs. In each municipality there is authorized and established a board for the abatement of taxes. 24 V.S.A. §§ 1533, 1537.

> Such board may abate the taxes of persons who have died insolvent, removed from the state, or are unable to pay their taxes. It may abate in whole or in part taxes in which there is manifest error or taxes in which there is a mistake of the listers. 24 V.S.A. § 1535.

When a tax is abated, a record of the tax abated is recorded in the office of the town clerk and a certified copy is forwarded

forthwith to the collector of taxes and town treasurer. 24 V.S.A. § 1536. The collector marks in his tax bill the taxes abated and the persons against whom they were assessed are discharged from their payment. 24 V.S.A. § 1536. This action provides the same immunity from the operator's license suspension penalty under 23 V.S.A. § 604, as does the striking of the name of a taxpayer from the poll tax list by the board of civil authority pursuant to 32 V.S.A. § 4406.

■ Under the law of this State, the judiciary is required to find some allowable mode of legalizing the collection of taxes justly due. *Village of Morrisville Water and Light Department* v. *Town of Hyde Park*, 131 Vt. 590, 313 A.2d 22, 24 (1973) ; *A.B.C. Realty Corporation* v. *Bissonette*, 129 Vt. 227, 229, 274 A.2d 694 (1971). The order of the county court provides no answer to the plaintiffs' contention that they are "actually poor" and exempt from the poll tax under 32 V.S.A. § 3801(a)(4) so as to relieve them from additional collection methods that can be utilized by town officials charged with the duty of collecting delinquent taxes. Furthermore, that order does not consider the fact that the plaintiffs have had notice of their pending operator's license suspension, and have an opportunity to be heard before their respective board for the abatement of taxes. Such hearing would provide a final determination of their poll tax liability and concurrently provide a determination on the question of the imposition of the penalty of the suspension of their operators' licenses.

Under these particular circumstances, and considering that this Court has held herein for the first time the strict due process standards to be adhered to for the utilization of the operator's license suspension penalty for the nonpayment of poll taxes that were not heretofore cognizable by the town officials charged with the duty of collecting poll taxes, we shall continue the injunction against the defendant. But, this would be effective only until the individual plaintiffs have had the opportunity to be heard by the board of abatement, which must make a final determination on the question of the correctness of the listers including their names on the respective poll tax lists. Under this disposition of the case, there is no necessity for this Court to examine the equal protection challenges raised by the plaintiffs against 23 V.S.A. § 604.

We now turn to the individual plaintiffs and the proper disposition to be made of the case relative to them.

Plaintiffs Philip Tuttle, Winifred Tuttle and Doris Freeman requested abatement hearings before their local boards for the abatement of taxes. Plaintiffs Tuttles were never provided an opportunity to be heard before, nor received a final decision from, their board. Plaintiff Freeman requested an abatement hearing and informed the board by letter of the basis for her abatement request. Without hearing, the board denied her abatement request, and it appears from the record that no reasons were stated for such denial.

In these three cases, the procedures followed by both boards for the abatement of taxes fall far short of what due process requires for the exercise of a quasi-judicial function in the determination of the correctness of the listing of these plaintiffs on their respective poll tax list. *Londoner* v. *Denver*, 210 U.S. 373, 380–86 (1908). See also *Goldberg* v. *Kelly*, 397 U.S. 254 (1970) ; *Verrill* v. *Dewey*, 130 Vt. 627, 630, 298 A.2d 182 (1972). Therefore, the injunction is continued in favor of these plaintiffs, Tuttles and Freeman, until the defendant is notified by the tax collector of the final decision of the respective boards for the abatement of taxes made in accordance with announced due process standards. See *Goldberg* v. *Kelly, supra*, 397 U.S. at 266–71. After such notification is received by the defendant, he shall so notify the court and thereupon the injunction shall be dissolved because its continued existence will no longer be necessary. If the boards for the abatement of taxes decide in favor of the plaintiffs, they are immune from the license suspension penalty of 23 V.S.A. § 604. If the decisions of the boards are adverse, the plaintiffs have had the notice and hearing required by due process which we have held must precede the utilization of the sanction of 23 V.S.A. § 604 for the nonpayment of poll taxes.

Plaintiffs Shirley R. Tatro and George N. LaFrance have requested an exemption from the payment of poll taxes. Their requests had not been received by their respective city clerks until after the August 1 deadline for hearing before the boards of civil authority, 32 V.S.A. § 4406. Thus, the relief

which they seek can only be granted by the board for the abatement of taxes. Plaintiffs Doris Mae Young, Tamsen Vanderlas, Christine Berckley, Robert Whitehead, Paula Goldsborough, Norman Losey, Alan B. Davis, Mahlon McCoy, Ralph Deyo, Howard Kenney, Jean Kenney, Pauline A. Welch, Francis LaDoux, Stanley Katz, Alden Brooks, Inez Brooks, and Wilfred C. Parent, have not filed a protest with their respective town clerks by August 1 in order to obtain a hearing before the board of civil authority provided by 32 V.S.A. § 4406. Therefore, in each of their cases, the injunction obtained by them is continued for a period of time to be set by the trial court to provide them an opportunity to request relief from their respective boards for the abatement of their taxes. The plaintiffs, within such time as the court shall set, shall notify the court whether they have in fact requested the abatement of their poll taxes. Upon such notification the court shall continue the injunction under the same conditions as herein provided for plaintiffs Tuttles and Freeman.

*Judgment reversed; cause remanded for the sole purpose of providing further proceedings in accordance with this opinion.*