## State of Vermont v. Stephen R. Putnam

[407 A.2d 161]

No. 243-78

Present: Barney, C.J., Daley, Larrow and Hill, JJ., and Smith, J. (Ret.), Specially Assigned

Opinion Filed September 10, 1979

*Dale O. Gray,* Caledonia County State's Attorney, and *Christopher B. Leopold,* Deputy State's Attorney, St. Johnsbury, for Plaintiff.

*James L. Morse,* Defender General, Montpelier, and *David A. Howard,* Public Defender, St. Johnsbury, for Defendant.

Larrow, J. Defendant was convicted, after trial by court upon an agreed statement of facts, of violating 23 V.S.A. § 674 by operating a motor vehicle upon a public highway after his license or right to operate had been revoked, suspended or refused by the Commissioner of Motor Vehicles. The fact of operation is not contested, defendant's claim being that the suspensions in question were tainted with "illegality" and that he was entitled to raise this issue in his criminal prosecution. Without passing upon the claim of illegality, the trial court ruled that it could not be raised by collateral attack in the criminal proceedings, and adjudged the defendant guilty. He appeals.

Two suspensions are involved. The first, in 1976, was for failure to file proof of insurance. The second, later that same

year, was for failure to appear on a charge of operating an uninspected vehicle. Both, by their terms, were in effect at the time of the claimed offense.

The defendant claims that the first suspension was illegal because the notice to him did not advise him of his statutory right to hearing and to an attorney, and incorrectly advised him of the period within which he was required to file proof of financial responsibility. As to the second suspension, he claims illegality because it was imposed, not by the Commissioner, but by a subordinate officer to whom discretionary authority to suspend had been illegally delegated. In our view the trial court correctly ruled that the legality of the second suspension could not be raised in the criminal prosecution, and we accordingly affirm.

Admittedly, there is a split of authority upon the issue here presented. Some jurisdictions permit no collateral attack, evidently reluctant to allow drivers who believe their licenses were invalidly suspended to drive unless and until detected and then to challenge the suspension without penalty. *Abbott* v. *District of Columbia,* 154 A.2d 362 (Mun. Ct. App. 1959); *Franklin* v. *District of Columbia,* 248 A.2d 677 (Ct. App. 1968). Others adopt a more liberal attitude toward collateral attack. *State* v. *DeBery,* 150 Me. 28, 103 A.2d 523 (1954); *State* v. *Moore,* 269 A.2d 242 (Del. Super. 1970). Our own law on this point was not clearly defined prior to *State* v. *Cady,* 136 Vt. 29, 383 A.2d 607 (1978). In *State* v. *Cameron,* 126 Vt. 244, 227 A.2d 276 (1967), a prosecution for third offense driving while suspended, we held that the fact of the prior convictions was in issue, not actual guilt or innocence in those prosecutions. In *State* v. *Cattanach,* 129 Vt. 57, 271 A.2d 828 (1970), we seem to have entertained collateral attack, although rejecting its validity, without reaching the issue of whether the attack itself was properly entertained. And in *Aiken* v. *Malloy,* 132 Vt. 200, 211, 315 A.2d 488, 495 (1974), we frowned on collateral attack on suspensions for poll tax delinquency, where statutory and constitutional requirements for notice and hearing had been complied with:

> All that would be accomplished by recognizing the appellees' contention would be the relitigation of subject matter where notice and hearing have already been stat-

utorily and constitutionally required. This is not requisite of due process. (Citation omitted.)

■ *State* v. *Cady, supra,* reached the question here presented, and held that in some instances, at least, collateral attack is permissible. Simply put, we held that a claimed suspension was without effect because the defendant never had any license to suspend. Subject matter jurisdiction for the purported suspension had been lacking. As with the doctrine of res judicata, absence of subject matter jurisdiction, or jurisdiction of the parties, in the original proceedings, may be later raised by collateral attack. *Town of Putney* v. *Town of Brookline,* 126 Vt. 194, 200, 225 A.2d 388, 392 (1967).

■ We recognize the cogency of the State's argument that litigation must cease sometime, and that there is a strong public policy favoring resistance of the license suspension when it is imposed, not later. But, on the opposite side of the scale, there is also force to the defendant's argument that he should not be bound, in any proceeding, by a suspension levied without constitutionally adequate notice, *Mullane* v. *Central Hanover Bank & Trust Co.,* 339 U.S. 306 (1950), or without subject matter jurisdiction. Although the doctrines of res judicata and collateral estoppel are not strictly applicable, because of the different burden of proof in criminal prosecutions and license suspensions, they furnish excellent analogy. We accordingly hold that, consistent with *Cady,* in a prosecution for driving with license suspended, collateral attack upon the suspension is permissible for, and limited to, questions of jurisdiction over the defendant and the subject matter in the original suspension proceedings. Accord, *Wallace* v. *State,* 112 Ga. App. 505, 145 S.E.2d 788 (1965); *State* v. *Cook,* 275 Minn. 571, 148 N.W.2d 368 (1967); *State* v. *Ball,* 255 N.C. 351, 121 S.E.2d 604 (1961).

■ Application of this rule to the instant case leads us to affirmance, although not on all grounds. As *Mullane, supra,* holds, constitutionally adequate notice is an element of personal jurisdiction. See *Aiken* v. *Malloy, supra,* 132 Vt. at 211, 315 A.2d at 493. The defendant's claim of inadequate notice on his first suspension should have been heard and

determined by the trial court. But his claim as to the second suspension, illegal delegation of duties within the Department, contests only method and not the underlying authority of the Department to order the suspension. This claim is not jurisdictional, and accordingly is not within the purview of permitted collateral attack. Since there was at least one suspension not subject to collateral attack in effect at the time of the admitted vehicle operation, the judgment below must be affirmed.

*Judgment affirmed.*