## State of Vermont v. Raymond M. Mohr

[499 A.2d 769]

No. 84-406

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed August 2, 1985

*Raymond G. Bolton*, Bennington County State's Attorney, and *Ralph H. Sheppard*, Deputy State's Attorney, Bennington, for Plaintiff-Appellee.

*Stephen L. Klein* and *Mary Billings Munger*, Rutland, for Defendant-Appellant.

**Peck, J.** The defendant appeals his conviction of driving with license suspended in violation of 23 V.S.A. § 674. Defendant claims the trial court erred when it refused to admit evidence that the Commissioner of Motor Vehicles lacked authority to suspend defendant's license. We agree with defendant and reverse and remand for a new trial.

The alleged offense occurred on February 11, 1984. By a letter dated January 9, 1984, the defendant had been notified by the Department of Motor Vehicles that the "Certificate of Insurance, evidencing proof that you are covered by Financial Responsibility

Insurance has been cancelled by your Insurance Company" and that his license to operate "is hereby suspended effective January 21, 1984." The defendant also received from his insurance carrier a "Notice of Cancellation or Nonrenewal" indicating that the cancellation would be effective on January 21, 1984, for nonpayment of premium. This notice also indicated the amount of premium due. The defendant stated that his check for the premium due had been "sent out" on January 15. He offered to prove that he had received a letter back from the insurance company, dated February 9, stating, "kindly disregard your notice of cancellation," but the letter was excluded as hearsay.

The defendant's right to operate was reinstated on February 29, 1984, upon receipt by the Department of an SR-22 Form (a Uniform Financial Responsibility form) submitted by the defendant's insurance company. The State's witness on this issue testified that his examination of the Department's records did not reveal any other SR-22 filing between January 21, 1984, and the date of the alleged offense.

The defendant, albeit somewhat inartfully, attempted to establish that the insurance carrier had sent an SR-22 to the Department prior to the date of the alleged offense which would have established that the insurance was never terminated. The court sustained the State's objections to defendant's attempts to make this showing on the ground that "it is not open to the defendant to question the validity of the suspension . . . ." at the trial for the alleged offense.

In *State* v. *Putnam*, 137 Vt. 410, 414, 407 A.2d 161, 163 (1979), this Court held that a defendant charged with driving with license suspended can attack the legality of the suspension in the criminal proceeding, if the challenge to the suspension goes to the jurisdiction of the Department of Motor Vehicles to issue the suspension. The challenge must be to "the underlying authority of the Department to order the suspension." *Id.*

The defendant here attempted to prove that the Department was without authority to suspend his license, pursuant to 23 V.S.A. § 803, because that statute authorizes suspension only "on the date that the insurance expires." The court below excluded all evidence that the defendant's insurance had never expired, and thus that the suspension was beyond the Department's authority.

Indeed it was unclear from the record that the insurance ever expired. While the notice to the defendant stated that the certifi-

cate had been cancelled, the State conceded in its brief that at the time the Department of Motor Vehicles notice was sent the cancellation was only "impending."

*Reversed and remanded.*