## STATE of Vermont v. Gregory Allan CROWN

[726 A.2d 493]

No. 97-522

January 29, 1999. Defendant Gregory Crown appeals his conviction after jury trial for violating a protection-from-abuse order, see 13 V.S.A. § 1030(a), claiming that (1) the State failed to prove defendant's knowledge of the contents of the order, which defendant contends is an element of the crime as defined by § 1030(a); (2) in light of his illiteracy, any conviction under § 1030(a) violates his constitutional right to due process; and (3) the underlying order was void because of its unspecified duration, thus fatally undermining the conviction. We affirm.

The facts are not in dispute. Defendant has a history of violent behavior, threats, and alcohol abuse. After an incident in which defendant fired four shots into the paternal grandparents' home, defendant's wife, Karen Crown, was granted an emergency relief-from-abuse order. The order included the following requirement: "Defendant shall not place [himself] within 500 feet of plaintiff individually or of the following address(es): her place of residence." Ten days later, the Caledonia Family Court held a hearing at which both parties were present. The court is-

sued an extended temporary order for relief from abuse and caused it to be served on defendant at the hearing. The order included the same requirement of staying away from Karen Crown or her residence although it allowed defendant to be within 500 feet of the residence for purposes of visitation.

Defendant is illiterate. He did not inform the family court of this fact, nor did he request that the extended relief-from-abuse order be read to him. After the family court hearing, defendant's sister read the contents of the extended order to him, but defendant claims that his sister failed to read the section that prohibits him from going within 500 feet of Karen Crown's residence.

On May 28, 1997, defendant went within 500 feet of the residence to meet with a potential buyer of certain heavy equipment he owned but had left at the residence. Karen Crown returned home, and defendant promptly left. When later interviewed by a state trooper, defendant told the officer that he knew of the 500 foot restriction, but did not specify whether he understood himself to be restricted from Karen Crown, or the residence, or both. Defendant was charged with violating the order, and on November 4, 1997, was found guilty. This appeal followed.

Defendant's first contention is that because the State did not produce evidence that he had knowledge of the contents of the order, it did not prove all elements of the crime. The knowledge element is critical, he argues, because he could not read the order himself. The applicable statute, 13 V.S.A. § 1030(a), provides:

> A person who commits an act prohibited by a court or who fails to perform an act ordered by a court in violation of an abuse prevention order *under chapter 21 of Title 15* or chapter 69 of Title 33, *after the person has been served notice of the contents of the order as provided in those chapters*; or a foreign abuse prevention order issued by a court in any other state, federally recognized Indian tribe, territory or possession of the United States, the Commonwealth of Puerto Rico or the District of Columbia; shall be imprisoned not more than one year or fined not more than $5,000.00, or both.

13 V.S.A. § 1030(a) (emphasis added). A relief-from-abuse order "shall be served in accordance with the rules of civil procedure." 15 V.S.A. § 1105(a). Nothing in the Vermont Rules of Civil Procedure impose upon the State, or any other party with occasion to serve process on an adversary, the responsibility of ascertaining whether or not the party served is literate. See V.R.C.P. 4 (setting forth procedure for service of process). Nor do the rules require service to include a reading of the order. It is undisputed that defendant was served with the abuse prevention order in accordance with the statute.

We decline to hold that in a prosecution under § 1030(a) the State must prove that defendant understood the requirements of the abuse-prevention order. The determination of the elements of the crime is primarily a matter of statutory construction. See *State v. Mott*, 166 Vt. 188, 196, 692 A.2d 360, 365 (1997). In *Mott*, defendant argued that § 1030(a) required the State to prove that he intended to violate the abuse prevention order. We rejected the argument, concluding that, consistent with the purpose of the abuse-prevention law to make relief readily available to victims of domestic violence, an abuser cannot "escape criminal liability . . . by refusing to read [the abuse order] and remaining unaware of its terms." *Id.* at 197, 692 A.2d at 366. We held that "defendant has the responsibility to read and understand the order and conform his conduct to it," *id.*, and cannot

defend on the basis that he did not intend to violate the order.

The statutory language requires the State to prove only that defendant violated the order after it was properly served upon him. There is no requirement in the language that defendant know that his conduct would violate the order, *id.* at 196, 692 A.2d at 366, or that he fully understand the requirements of the order. Although the Legislature could have required that the order be read to defendant, it relied instead on warnings framed in large, bold letters in the order. See *id.*; 15 V.S.A. § 1103(i). We conclude that the reasoning of *Mott* requires that we reject defendant's argument.

Defendant's second argument is related to his first. He contends that his illiteracy interfered with his ability to receive notice and that his conviction without proper notice denied him due process of law. We agree that due process requires that defendant have notice of the order he was alleged to have violated. See, e.g., *United States v. Cutler*, 58 F.3d 825, 834 (2d Cir. 1995); *In re Seelke*, 680 P.2d 288, 290 (Kan. 1984); see also *State v. Goyette*, 166 Vt. 299, 303-04, 691 A.2d 1064, 1067 (1997) (defendant could not be convicted of violating § 1030 based on noncompliance with overly-broad provision of abuse prevention order). We believe, however, that service of the order upon him was sufficient to meet the requirements of due process of law, even though he was unable to read the terms of the order. See *Commonwealth v. Olivo*, 337 N.E.2d 904, 909-10 (Mass. 1975) (Spanish-speaking defendant charged with violating order of housing department not denied due process because order was only in English); *Vialez v. New York City Housing Auth.*, 783 F. Supp. 109, 119-21 (S.D.N.Y. 1991) (same, collecting cases). We adopt the standard of *Olivo*:

> [W]here a party actually receives notice which would be constitutionally sufficient if [t]he party were not under a disability, that notice is constitutionally sufficient as to a person actually under a disability if (1) it would put a reasonable person on notice that inquiry is required, (2) further inquiry would reveal the facts necessary to understand the nature of the proceeding and the opportunity to be heard, and (3) the party's disability does not render him incapable of understanding the need for such inquiry.

*Olivo*, 337 N.E.2d at 909. Applying the *Olivo* standard to this case, we find no violation of due process. The service of the order on defendant should have put him on notice that he needed to know its terms and comply with them. His illiteracy did not render him incapable of understanding this need. It was his responsibility to have all the terms of the order read to him.

Defendant's final argument is that the extended order was void because the duration was indefinite. We do not generally allow a person who is under a court order to challenge it by violating it. See *Mott*, 166 Vt. at 191, 692 A.2d at 363. Defendant argues, however, that the abuse prevention statute requires that an order contain a fixed durational period and that an order issued without a fixed period is outside the jurisdiction of the family court. Defendant contends that, because the family court exceeded its jurisdiction, he can raise invalidity as a defense to the criminal prosecution. See *State v. Putnam*, 137 Vt. 410, 413, 407 A.2d 161, 163 (1979) (allowing defendant to attack license suspension order collaterally on jurisdictional grounds).

The family court has jurisdiction to issue abuse-prevention orders. Here, as in *Mott*, the alleged defect in the order was not jurisdictional, and defendant therefore could not raise it as a defense to

the criminal prosecution for violating the order. See *Mott*, 166 Vt. at 194, 692 A.2d at 364 (failure of family court to support abuse-prevention order by findings, as required by statute, is not a jurisdictional defect that can be collaterally attacked as a defense to a criminal prosecution for violation of the order).

*Affirmed.*