*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-403

JUNE TERM, 2015

| | | |
|---|---|---|
| In re Marvin Waldman | } | APPEALED FROM: |
| | } | |
| | } | Human Services Board |
| | } | |
| | } | |
| | } | DOCKET NO. Y-08/13-636 |

In the above-entitled cause, the Clerk will enter:

Petitioner appeals the Human Services Board's order upholding a decision of the Department for Disabilities, Aging, and Independent Living (DAIL) not to expunge his name from the vulnerable adult abuse registry. We affirm.

In July 2009, DAIL substantiated a report that petitioner had exploited his elderly mother, as defined in 33 V.S.A. § 6902(6), by using her Social Security money for his own purposes and failing to pay for her residence at a nursing facility. The substantiation was affirmed on appeals to the Board and this Court. See In re Waldman, No. 2010-266, 2011 WL 4977673 (Vt. April 21, 2011) (unpub. mem.), http://www.vermontjudiciary.org/LC/unpublishedeo.aspx.

In July 2013, petitioner moved to have DAIL expunge his name from the registry. See 33 V.S.A. § 6911(f) ("A person may at any time apply to the Department for expungement of his or her name from the Registry."). After conducting a commissioner's hearing, DAIL denied the request for expungement. The Board upheld the denial on appeal. The Board rejected petitioner's argument that DAIL's notice of the 2009 substantiation violated due process because it failed to apprise him of the full scope of potential consequences that might result from placement on the registry. The Board ruled that the doctrine of claim preclusion barred petitioner's due process argument, which could have been raised during the 2009 proceedings. The Board stated that § 6911(f) does not contemplate a fresh review of the initial substantiation decision based solely on allegations of procedural or legal issues that could have been raised during the original proceedings. The Board further noted that petitioner had failed "to put forward any facts or personal circumstances that may have occurred subsequent to 2009 which might show that he should now be removed from the registry."

Petitioner appeals that ruling, arguing that: (1) the 2009 notice of substantiation was inadequate and violated due process because it failed to inform him of the full scope of potential consequences of placement on the registry, as evidenced by state regulations in place at the time

prohibiting employment of a person on the registry at a wide range of state-licensed care facilities and programs, and even the mere presence of a person on the registry at a licensed daycare facility; and (2) he could not have waived this jurisdictional defect, and thus the doctrine of claim preclusion cannot be applied to thwart his claimed due process violation.

We first consider petitioner's second argument, which challenges the basis for the Board's order upholding DAIL's decision not to expunge his name from the registry. Petitioner argues that claim preclusion does not apply because he was unaware at the time of the 2009 proceedings of state regulations that created various potential consequences of placement on the registry not specifically named in the 2009 notice of substantiation. This argument fails because, as the Board pointed out, claim preclusion "applies both to claims that were or should have been litigated in the prior proceeding." Faulkner v. Caledonia County Fair Ass'n, 2004 VT 123, ¶ 8, 178 Vt. 51. Petitioner acknowledges that the state regulations he refers to concerning the consequences of placement on the registry were publicly available, but he cites Aiken v. Malloy, 132 Vt. 200 (1974), as holding that sufficient notice for nonpayment of a poll tax is required even if the potential consequence of loss of a driver's license is indicated by statute. That case, however, did not concern the scope of potential consequences stated in the notice, but rather held that personal notice in writing was required when the loss of a driver's license was at stake. Id. at 208.

In any event, petitioner has failed to meet his burden of demonstrating that the Board erred by denying his petition to expunge his name from the registry. See 33 V.S.A. § 6911(f) ("The petitioner shall have the burden of showing why his or her name should be expunged from the Registry."). We need not decide in this case whether, as the State argues, in a request for expungement of a name from the vulnerable adult abuse registry, the only issue is whether the petitioner can demonstrate that he or she no longer presents a risk to vulnerable adults. Cf. 33 V.S.A. § 4916c(b) (providing that person seeking expungement of name from child abuse registry "shall have the burden of proving that a reasonable person would believe that he or she no longer presents a risk to the safety or well-being of children."). In this case, despite the claimed inadequate notice, petitioner challenged the 2009 substantiation before DAIL, the Board, and this Court. Notwithstanding the fact that petitioner is proceeding pro se in the instant expungement proceedings, as he did in the 2009 substantiation proceedings, he states that if he had been informed of all of the potential consequences of substantiation, he might have decided to hire a lawyer, who could have demonstrated that the financial arrangements between him and his mother were done with her consent and that the unpaid bills did not pose a risk to her. Petitioner makes no proffer beyond these general factual questions, which he raised, or had an opportunity to raise, at the 2009 proceedings. Indeed, in the 2009 proceedings, "[t]he Board found that petitioner offered no credible evidence to show that he had permission and authority to use [his mother's] income for his own benefit and purposes." Waldman, No. 2010-266, at *2. The Board rejected the testimony of his ninety-one-year-old mother, which he presented, "as wholly unconvincing." Id. The Board further found that his mother needed her Social Security money to pay for the facility in which she resided, and that she remained in the facility, despite owing over $25,000 in unpaid fees, only because of the kindness of the facility's owners. Id. In short, petitioner has failed to demonstrate any prejudice from the alleged deficient notice, and,

2

more importantly, as the Board found, he has failed in this expungement proceeding to provide any basis to expunge his name from the vulnerable adult abuse registry.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice