## Town of Randolph v. Estate of Mildred White, Anthony White, Administrator and Donal R. White

[693 A.2d 694]

No. 95-581

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed February 28, 1997

*Peter M. Nowlan* of *Nowlan & Meyer*, Randolph, for Plaintiff-Appellee.

*Steven H. Atherton* of *Atherton & Willner*, Northfield Falls, for Defendant-Appellant Donal R. White.

**Gibson, J.** Defendant Donal White appeals from a superior court decision for the Town of Randolph in this action to enforce a zoning ordinance. The court held that defendant cannot contest the zoning administrator's finding that defendant was in violation of the zoning ordinance because the finding became final when defendant failed to appeal it to the zoning board of adjustment. Defendant maintains that

the notice of violation was inadequate because it failed to inform him of his right to contest the finding before the board, and therefore, the notice violated the Due Process Clause of the Fourteenth Amendment.[1] We agree and reverse.

Defendant is the owner of fifty-six acres of land in the Town of Randolph.[2] On May 17, 1993, the Town zoning administrator notified defendant, in a three-page letter entitled "Notice of Violation," that the accumulation of junk motor vehicles and other debris on his land violated Town zoning regulations. Defendant was advised to stop accumulating junk and to remove the junk already accumulated on the property by June 1, 1993. The letter stated that the penalty provisions of 24 V.S.A. §§ 4444 and 4445 provide for fines up to $50.00 per day for each day the violation continues. Defendant was directed to remove the junk by June 15, 1993, to avoid penalties. The letter also told defendant to contact the zoning administrator or the Town attorney if defendant had any questions about the notice and to contact the zoning administrator when the violation had been corrected so that he could inspect the site.

In August 1993, the Town filed a complaint against defendant in superior court seeking an order requiring removal of the junk and assessing fines. The Town then moved for summary judgment on the determination of the violation and issuance of an injunction, claiming that the only issue that needed to be resolved at trial was the amount of the fine to be imposed. In response, defendant moved to dismiss the action and argued, among other grounds, that the notice of violation had failed to advise him that he had a right to a hearing to contest the administrator's determination that he was in violation of the zoning ordinance. Defendant also filed a cross-motion for summary judgment.

The superior court denied defendant's motion to dismiss and cross-motion for summary judgment. It granted the Town's motion for summary judgment, ruling that the notice of violation complied with the notice requirements of 24 V.S.A. § 4444(a), and that

---

[1] Defendant also claims that the notice failed to comply with the requirements set forth in 24 V.S.A. § 4444 because it did not inform him that he would "not be entitled to an additional warning notice for a violation occurring after the seven days" provided by law for an opportunity to cure the violation. We do not address this issue because defendant did not raise it before the trial court.

[2] An adjoining thirty-seven-acre parcel is owned by the estate of Mildred White. Defendant's brother Anthony White is the administrator of the estate. Anthony White represented the estate of Mildred White pro se before the superior court, but he has not appealed here.

defendant was bound by the administrator's decision because he had not contested the decision before the zoning board of adjustment. Although framing the due process issue, the court did not explicitly address it. In a subsequent hearing, the court ordered defendant to remove all junk vehicles within forty-five days and assessed a fine of $8.00 per day for each day defendant was in violation up to the date of the hearing, and $5.00 per day for each day thereafter. Defendant appeals.

As a preliminary matter, we reject the Town's contention that we lack jurisdiction to hear this appeal because defendant failed to file a notice of appeal within thirty days of the March 23, 1995 decision, in which the court granted the Town's motion for summary judgment. For an order to be final and appealable, it must end litigation on the merits or conclusively determine the rights of the parties, leaving nothing further for the court to do but execute the judgment. *In re Burlington Bagel Bakery, Inc.*, 150 Vt. 20, 21, 549 A.2d 1044, 1045 (1988). This test was not met here; in its March 23 order the court left for later resolution the issue of what remedy was appropriate.

The primary issue defendant raises on appeal is his claim that the Town's notice of violation did not satisfy due process requirements because it failed to inform him that he could contest the administrator's decision by filing a notice with the secretary of the board of adjustment within fifteen days. See 24 V.S.A. § 4464(a). Similarly, he argues that the notice failed to advise him that the proceeding before the board is the exclusive remedy for challenging decisions of the zoning administrator, see *id.* § 4472(a), and that the finding of violation would be final in fifteen days unless he filed a request for a hearing before the board.

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). The right to be heard is worth little unless one is informed that the matter is pending and can choose "whether to appear or default, acquiesce or contest." *Id.* The Town argues that the notice gave defendant sufficient information to obtain a hearing to protect his property interest but that he failed to take advantage of the opportunity. We disagree.

The United States Supreme Court addressed this issue in *Memphis Light, Gas & Water Division v. Craft*, 436 U.S. 1, 13 (1978),

where the notice warned a utility customer that payment was overdue and that service would be discontinued if payment was not made by a certain date — in other words, pay or face termination. "No mention was made of a procedure for the disposition of a disputed claim." *Id.* The Court held that the notice was not "'reasonably calculated'" to inform the customer of the opportunity to present objections to the utility bills, and, accordingly, that the notice did not comport with due process requirements. *Id.* at 14 (quoting *Mullane*, 339 U.S. at 314).

To determine what process was due in *Memphis Light*, the Court considered the three factors set forth in *Mathews v. Eldridge*, 424 U.S. 319, 334-35 (1976): (1) the private interest affected by the official action, (2) the risk of an erroneous deprivation of the interest under the procedures used, and (3) the governmental interests involved, including fiscal and administrative burdens. The Court concluded that discontinuance of water or heating may threaten health and safety, the risk of erroneous deprivation was not insubstantial, and that utilities had a business interest in minimizing billing errors. *Memphis Light*, 436 U.S. at 18. In addition, the Court concluded that providing "some kind of hearing" should not prove burdensome. *Id.* On balance, the Court ruled that "failure to provide notice reasonably calculated to apprise respondents of the availability of an administrative procedure to consider their complaint of erroneous billing . . . deprived respondents of an interest in property without due process of law. *Id.* at 22.

Prior to *Memphis Light*, this Court applied *Mullane* in *Aiken v. Malloy*, 132 Vt. 200, 315 A.2d 488 (1974), and reached the same conclusion. In *Aiken*, taxpayers challenged the suspension of their driving licenses for failure to pay a poll tax on the ground that they never had an opportunity to contest the tax assessment prior to the suspensions. To meet due process requirements, the Court held that, to use the license suspension penalty, the initial notice to taxpayers "must include more than the amount of the tax due and the mode of payment." *Id.* at 210, 315 A.2d at 494. The notice must also state that taxpayers have a right to file a protest with the town clerk by a certain deadline if they believe they have been improperly assessed, and must inform them that their licenses may be suspended if they fail to pay. *Id.* Thus, we have held that three requirements must be met for the contents of a notice to satisfy due process: the notice must inform the parties of (1) the factual basis for the deprivation, (2) the action to be taken against them, and (3) the procedures available to challenge the action. See also *Packard v. Gordon*, 148 Vt. 579, 585-86, 537 A.2d

140, 144 (1987) (failure to inform plaintiff of right to hearing to contest dismissal from Vermont Police Academy violated plaintiff's due process rights).

The notice in this case is strikingly similar to the pay-or-face-termination notice provided in *Memphis Light.* Here, the notice of violation told defendant to remove the junk or face fines. The notice did not inform defendant of the procedure provided by 24 V.S.A. § 4464(a) to contest the administrator's finding that defendant was in violation of the zoning ordinance. Following *Memphis Light*, we must conclude that the notice was not reasonably calculated to inform defendant that he could contest the determination that he was in violation of the zoning regulations and that he had only fifteen days to take action.

Applying the *Mathews* factors in this case, we first note that due process concerns arise whenever the state deprives an individual of an interest in the use of real or personal property. *Traverso v. People ex rel. Dep't of Transp.*, 864 P.2d 488, 492 (Cal. 1993). Defendant has a protectable property interest in the junk cars. See *Propert v. District of Columbia*, 948 F.2d 1327, 1331 (D.C. Cir. 1991); *Price v. City of Junction*, 711 F.2d 582, 589 (5th Cir. 1983). In addition to possible deprivation of his property, defendant is subject to substantial fines for failure to comply with the notice. Accordingly, § 4464(a) provides a procedure for review of the administrator's decision. The burden of informing a party of this procedure in the notice of the violation is minuscule and will minimize erroneous deprivations of property rights. Under the *Mathews* framework, we conclude that the notice of a zoning violation must contain the information required in both *Memphis Light* and *Aiken*; the notice must state the facts that support the finding of a violation, the action the state intends to take, and information on how to challenge the notice.

We reject the contention that statutory notice of the right to a hearing is adequate. The mere availability of the procedure provided by 24 V.S.A. § 4464(a), without any attempt to inform defendant of that procedure, is insufficient to satisfy due process. See *Wilson v. Health & Hosp. Corp.*, 620 F.2d 1201, 1215 (7th Cir. 1980) (due process requires personal notice of right to hearing prior to government depriving individual of property interest, notwithstanding "notice" provided by ordinance itself); *Ortiz v. Regan*, 749 F. Supp. 1254, 1263 (S.D.N.Y. 1990) (notice must provide what action has to be

taken to challenge erroneous information that was basis for termination of advance retirement payments); *Miller v. Warren County*, 285 N.W.2d 190, 194 (Iowa 1979) (although plaintiff could have learned of rights by consulting code, notice did not alert him to do so; therefore, notice was insufficient).

"[I]t is unrealistic to require each individual to be conversant with the procedural provisions," and thus the notice of the opportunity for a hearing provided by the statute is not reasonably calculated to inform parties of their right to a hearing. *Wilson*, 620 F.2d at 1215; see also *Miller*, 285 N.W.2d at 194 (notice to laypersons should not require independent research to learn of rights). As the *Memphis Light* Court acknowledged, notice provided to people of various levels of education, experience and resources should clearly inform the party of the availability of an opportunity to be heard. 436 U.S. at 14 n.15.

We acknowledge that the notice of violation here stated that defendant could consult with the zoning administrator or the Town attorney if defendant had "any questions about this notice, the violation, or the corrective action required," but conclude that this statement is inadequate to meet due process requirements. A similar statement was found insufficient by the Court of Appeals for the Seventh Circuit in *Wilson*, where a property owner challenged the notices he had received informing him that his property was in violation of health regulations. He maintained that the failure to inform him of his right to a hearing to contest the inspection results violated his due process rights. The notice stated: "If there are any questions relative to the contents of this notice, call the Division of Public Health." 620 F.2d at 1206. Nonetheless, the court found this statement insufficient to satisfy due process. We agree with the *Wilson* court.

Indeed, the only case we have found, where such notice — if you have questions, call — was held sufficient, reviewed a notice to collect fines for outstanding parking tickets, an interest that is insignificant in comparison to the interest here. See *Horn v. City of Chicago*, 860 F.2d 700, 701 (7th Cir. 1988). Moreover, the notice in *Horn* at least indicated in large print that the parties had fifteen days in which to respond, and that after that time the city might seek a default judgment. We have found no case in which a court has upheld a notice of a significant property deprivation that does not inform the parties how they may challenge the grounds for such deprivation.

Courts in other jurisdictions have required the contents of a notice to conform to *Memphis Light* prior to state action affecting any

interest in property that is more than de minimis. See, e.g., *Aacen v. San Juan County Sheriff's Dep't*, 944 F.2d 691, 698 (10th Cir. 1991) (notice to judgment debtor following seizure of her truck violated due process because it failed to inform her that hearing for asserting exemptions was available); *Jordan v. Director, Office of Workers' Compensation Programs*, 892 F.2d 482, 488 (6th Cir. 1989) (notice of denial of black lung benefits to survivor of miner satisfied due process because it provided reasons for denial of claim "and available procedures for protesting the denial"); *Anderson v. White*, 888 F.2d 985, 992 (3d Cir. 1989) (notice that tax refund could be intercepted to apply to child support obligation satisfied due process where it informed fathers that their refunds could be intercepted and "gave them timely advice that administrative review was available and how to go about getting it"); *Wilson*, 620 F.2d at 1215 (notice informing property owner of violations of health regulations — requiring remedial action under threat of condemnation — was inadequate under Due Process Clause because it failed to inform of right to hearing to contest inspection results); *Miller*, 285 N.W.2d at 194 (where notice to landowner of proposed road closing failed to advise that claims for damages must be filed on or before hearing date, board did not have jurisdiction on issue of damages, and failure to file timely appeal of board's decision did not foreclose claim).

We therefore conclude that the rule announced in *Memphis Light* regarding the contents of a due process notice is applicable in this case as well. To meet due process requirements, the notice of a zoning violation must inform the defendant how to contest the decision. The notice in this case failed to do so, and therefore, violated the Due Process Clause. Accordingly, we reverse the summary judgment entered in favor of the Town. This does not end the matter however. Defendant states without support that all actions taken after the inadequate notice are void. Because the remedy for the due process violation was not properly briefed, we do not reach this issue.

*Denial of defendant's motion to dismiss is affirmed. Denial of defendant's cross-motion for summary judgment is affirmed. Summary judgment for the Town is reversed and the cause is remanded for further action consistent with this opinion.*