## Diane GABRIEL v. TOWN OF DUXBURY

[764 A.2d 1224]

No. 00-057

November 16, 2000. Diane Gabriel appeals from the decisions of the Washington Superior Court denying her motion for an enlargement of time to file an appeal and denying her motion for reconsideration. Gabriel wished to appeal a decision of the Town of Duxbury Board of Selectmen to reclassify a road on which she owned property from class 3 status to class 4 status. She argues on appeal that

the notice of decision provided by the Town did not meet due process requirements because it failed to advise her of her right to appeal the decision and to warn her of the consequences for failing to file a timely appeal. We affirm.

The Town does not dispute the facts as presented by Gabriel in her brief. Gabriel received notice that the Town was holding a hearing regarding reclassification of the Mill Road on which Gabriel owned a piece of property. Gabriel attended two hearings on the matter, after which the Town issued its decision to reclassify the Mill Road from a class 3 road to a class 4 road. Gabriel received a notice of the decision by certified mail on September 2, 1999. The notice did not include any statements regarding Gabriel's right to appeal.

Gabriel attempted to file a notice of appeal with the Duxbury Town Clerk dated October 5, 1999. She also filed a motion to enlarge the time within which to appeal with the superior court, noting that the notice of decision she received from the Town did not indicate that she only had 30 days to file an appeal. Although this motion is dated as filed October 18, 1999, the envelope appears to be postmarked October 5, 1999.

The court denied the motion, indicating that it did not have the authority to enlarge the time for filing an appeal pursuant to 19 V.S.A. § 740. Gabriel filed a motion for reconsideration, noting that her appeal of the Town's decision was brought pursuant to V.R.C.P. 75 and arguing that the Town's notice of decision failed to comport with due process requirements, citing *Town of Randolph v. Estate of White*, 166 Vt. 280, 693 A.2d 694 (1997). The court denied the motion, simply noting that the appeal was untimely under V.R.C.P. 75 as well. Gabriel appeals to this Court.

Although the trial court failed to address Gabriel's due process argument, remand is not necessary for further factual development. The Town was not ob-

ligated under the Due Process Clause to notify Gabriel of her right to appeal its decision to reclassify the Mill Road following its hearing on the matter. This case is distinguishable from *Town of Randolph v. Estate of White* in which we determined that the Town of Randolph's notice of a zoning violation did not comport with due process because it failed to inform the individual in that case of his right to contest the violation before the board of adjustment and that he had fifteen days in which to take action. 166 Vt. at 283-87, 693 A.2d at 695-98. That case involved informing an individual of the right to contest a decision of the zoning administrator in the first instance. This case involves the question of a town's constitutional obligations when notifying an individual of a decision *following* an adversarial proceeding in which the individual had an opportunity to contest the proposed decision.

We assume, without deciding, that the decision to reclassify a road short of discontinuing it does have an effect on the property rights of landowners abutting the road for purposes of procedural due process analysis. But see *Perrin v. Town of Berlin*, 138 Vt. 306, 307, 415 A.2d 221, 222 (1980) (in action seeking damages for reduction in status of road from public highway to trail, holding that change in status does not involve the acquisition of property rights from abutting owners and to the extent that the town is no longer responsible for the maintenance of the road, "the loss of the right to require such maintenance or repair is not a right for which an abutting landowner is entitled to compensation, since it is not a right in the landowner, but is a right held in common by all the citizens and taxpayers of the state"). Nevertheless, applying the three-factor analysis first articulated in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) (evaluating the private interest affected, the risk of erroneous deprivation and the government interests involved),

we conclude that the Town is not constitutionally required to notify an individual of his or her right to appeal a decision of the board of selectmen following a full hearing regarding the classification of a town road.

The private interest at stake in the classification process is the quality of access abutting landowners have to their property via a town road, which may affect the use and value of the piece of property. Reclassification, however, may have no effect on access to a particular parcel of land. In this case, the Town may not choose to maintain the Mill Road during the winter months because it is a class 4 road. But in light of recent amendments to 19 V.S.A. § 302, the Town also has the option of not doing so even if the road were a class 3 road. 19 V.S.A. § 302(a)(3)(B). Conversely, the Town may decide to continue to maintain the road in the same manner as it had prior to reclassification. Potentially, then, Gabriel's interests may be unaffected by the reclassification.

With respect to the risk of erroneous deprivation, Gabriel has already had an opportunity to be heard on the question of reclassification, mitigating the danger that the road has been erroneously reclassified. Although failing to notify an individual of the right to appeal such a decision does pose the risk that a meritorious appeal may not be taken, this is not of the same order as the risk posed by failing to notify an individual of the right to contest unilateral action on the part of the government. Compare *Estate of White*, 166 Vt. at 282, 693 A.2d at 695 (involving the decision of the zoning administrator made without the benefit of a hearing or any other adversarial proceeding).

Finally, although requiring the Town to include notice of the right to appeal its decisions regarding the reclassification of town roads would not impose a heavy administrative burden on the Town, when

considered along with the other factors, it does not appear to be constitutionally required in this situation. See also *Childress v. Small Bus. Admin.*, 825 F.2d 1550, 1553 (11th Cir. 1987) ("We know of no case, however, which holds that minimum due process requires that the parties not only be given a notice and hearing but also that they be specifically advised of their right to appeal."); *Vialez v. New York City Hous. Auth.*, 783 F. Supp. 109, 117 (S.D.N.Y. 1991) ("Research reveals that, faced with the question, courts have uniformly found a plaintiff claiming a due process entitlement to specific notice of the right to appeal unable to demonstrate a legally sound argument.").

Because the notice provided to Gabriel regarding the reclassification of the Mill Road did not run afoul of constitutional due process requirements, the trial court properly denied her motion for enlargement of time to file her appeal as untimely.

*Affirmed.*