STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of James Holmes    }
                                 }
                                 }   Docket No. 134-6-00 Vtec
                                 }
                                 }

Decision and Order on Motions for Summary Judgment

Appellant James Holmes appealed from a decision of the Planning Commission of the Town of Colchester, denying his application for site plan approval to convert a single family residence to a boarding house. Appellant initially represented himself but is now represented by W. Owen Jenkins, Esq.; Interested Persons Jeffrey Savoie, Debbie Savoie, William Garrett, Linda Garrett, Mary von Ziegesar and Arthur Sweeny, III are represented by Christina Reiss, Esq.; and the Town is represented by Richard C. Whittlesey, Esq. Other interested persons: Donald Morrissette, Wayne Thompson, Carol Usher, Mark Landry, Carol Landry, Maurice Diette and Sandra Diette are not represented by counsel and have not participated in the briefing of the motions.

Appellant has moved for summary judgment that his property does not come within the classification of "boarding house" and therefore does not require site plan review. In the alternative, Appellant seeks " remand" to the Zoning Board of Adjustment for a determination of whether his rental of the house comes within the definition of " boarding house." Neither of these issues is before the Court, however, in the present case. In particular, the Court cannot " remand" this matter to a forum other than the Planning Commission, from which the appeal was taken. The Town filed a cross-motion for partial summary judgment that Appellant may not now contest the Town' s determination, in a 1999 Notice of Violation, that the premises were being operated as a " boarding house."

The following facts are undisputed unless otherwise noted.

Appellant owns a house with an attached 2-car garage on a .43-acre lot at 10 Biscayne Avenue in the Residential-3 (R-3) zoning district of the Town of Colchester. The parties did not supply the Zoning Regulations; therefore we cannot determine what the minimum lot size is in the district or whether the house is non-conforming for any reason. The house was built in 1968, is served by municipal water and by an on-site septic system approved in 1979 for four bedrooms. The house contains a living room, dining room, kitchen, four bedrooms, a den/computer room, a game room, a family room, a full bathroom and two 3/4 bathrooms. No changes to the structure have been made. Appellant lived in the house with family members until mid 1994, when he moved and decided to rent out the property. From August 1994 he has rented out the house and has not resided there; he does not intend to reside on the premises.

By certified mail in October 1999, the Zoning Administrator notified Appellant at an address in Fayetteville, North Carolina, of the following violations of the Zoning Regulations:

" storage of abandoned vehicles and junk, parking a boat in the driveway, parking in green space, two snowmobiles on a trailer in front yard, and multiple tenants (running a boarding house without Planning Commission approval)" in violation of §§ 1803, 1819.5(b) and (c), 1835 and 1401 of the Zoning Regulations. The Notice of Violation was signed for on October 21, 1999 by a " Jennifer Goeke." Appellant now claims that he did not actually receive the Notice of Violation; however, he has not presented any facts regarding whether he was then resident at that address, the identity of Ms. Goeke, or any other facts surrounding his receipt of mail at that address or the reasons if any for his failure to receive the Notice of Violation.

In early 2000, in the course of a routine refinancing of the property, Appellant's attorney requested a letter of zoning compliance. By letter dated February 15, 2000, the Town declined to provide the requested letter, due to the issues stated in the October 1999 Notice of Violation and an issue as to the use of a fifth bedroom. Appellant now claims that this was the first time that he became aware of the issuance of the October 1999 Notice of Violation. He met with the Zoning Administrator and stated his opinion that he was not operating a boarding house. Appellant did not, however, appeal to the Zoning Board of Adjustment (ZBA) the Zoning Administrator's ruling that he <u>was</u> operating a boarding house. Nor did Appellant file or attempt to file a late appeal of the Notice of Violation, in which he could have made his due process claims that he failed to receive the Notice[1] of Violation and could have contested the ' boarding house" status of the property. Nor has the Town filed an enforcement action regarding any of the issues in the Notice of Violation.

Rather, on February 25, 2000, Appellant applied for site plan approval of the house as a boarding house[2], and applied to the Town Planner for a waiver allowing approval of the site plan without consideration by the Planning Commission. The site plan showed eight parking spaces in two tandem rows, with two spaces in the garage and the remaining six in the driveway. The Town Planner issued the approval under the waiver provision, but it was appealed to the Planning Commission by some of the same neighbors who are the Interested Parties in the present proceeding. The Planning Commission denied site plan approval and Appellant appealed to this Court. The two questions raised in Appellant' s amended statement of questions are whether the property even requires site plan approval, that is, whether it falls within the definition of " boarding house;" and, if so, whether it qualifies for approval under the § 1803.2 standards.

The first question, whether the property falls within the definition of " boarding house," is not before the Court in this proceeding for two reasons: because Appellant did not appeal the Notice of Violation and because the Planning Commission does not have jurisdiction to determine the use category of a particular proposal.

Because Appellant did not appeal the Notice of Violation, it became final and cannot now be challenged directly or indirectly, 24 V.S.A. § 4472, unless there were procedural flaws that could have warranted a late appeal of the Notice of Violation when Appellant found out about it, <u>Town of Randolph v. Estate of White</u>, 166 Vt. 280, 283 (1997). Appellant would have had to raise his arguments about such procedural flaws in an attempted appeal of the Notice of Violation at that

time (or even in one filed by Appellant now). The Court can only address the validity or timeliness of that Notice of Violation after the ZBA has ruled on the timeliness or merits of an appeal of the Notice of Violation.

Second, in this appeal from the action of the Planning Commission, the Court sits in the place of the Planning Commission de novo and is limited to the jurisdiction of the Planning Commission. The Planning Commission has jurisdiction to rule on site plan applications, not to determine whether a particular project falls within a particular use category within the Colchester Zoning Regulations. It was Appellant who filed the application for site plan approval as a boarding house in the first place. If he now believes that the project does not constitute a " boarding house" and does not require site plan approval, he may withdraw his underlying application for site plan approval, which would render moot this appeal from the denial of that application. If he wishes then to contest the classification of his property as a boarding house, he will have to appeal some ruling or action of the Zoning Administrator to the ZBA. This Court cannot place the matter by " remand" to the ZBA because it never has been put before the ZBA and the present appeal is not an appeal from a ZBA proceeding. In any such proceeding before the ZBA, Appellant and the ZBA will have to address the effect of the unappealed October 1999 Notice of Violation, and any flaws in its service on Appellant.

If Appellant does not wish to withdraw his application for site plan approval as a boarding house, then the court in the present appeal will proceed to address whether that application should or should not be approved. Material facts are in dispute as to those issues, for which a hearing on the merits of the application can be scheduled.

However, we note that owner-occupancy is a prerequisite for approval of a boarding house, so that under the present facts as presented to the Court, the property would not qualify for approval for that reason. If the proposal fails to fall within either the use category of " single family residence" (a permitted use in this district that does not require site plan approval) or the use category of "boarding house" (a permitted use in this district that does require site plan approval), Appellant may wish to apply for approval of the use as an "other residential use[3]" which is a conditional use under § 903.2. Such an application for conditional use approval would have to be made to the ZBA in the first instance and therefore is not before the Court in this proceeding.

Accordingly, based on the foregoing, Appellant' s Motion for Summary Judgment is DENIED, as the question is not raised by the present appeal, without prejudice to Appellant' s raising it in the proper forum or through the proper route of appeal. The Town' s Motion for Partial Summary Judgment is GRANTED in PART, as to the present posture of the present appeal only, but this order does not foreclose the Appellant's seeking to raise that issue in the proper forum or through the proper route of appeal.

To accommodate any unrepresented interested parties who may wish to participate, we will hold a conference in Burlington at the Costello Courthouse on Cherry Street at 8:45 a.m. on Thursday, April 12, 2001, to determine whether to set this matter for a hearing on the merits of the remainder of the site plan application, or to determine whether Appellant wishes to withdraw the underlying application and pursue his other alternatives.

Done at Barre, Vermont, this 26th day of March, 2001.


_____
Merideth Wright
Environmental Judge


## Footnotes

1. Appellant could have taken this action at the same time as and in the alternative to filing the present application for site plan approval of the house as a boarding house.

2. Facts are in dispute as to whether the Zoning Administrator advised or assured Appellant that he would succeed in obtaining the Site Plan approval for the house as a boarding house, but those facts are not material to any issue before the court in the present appeal.

3. This section of the Zoning Regulations was not provided to the Court by the parties in this case; therefore this suggestion is at most dicta and carries no weight.