# STATE OF VERMONT

# ENVIRONMENTAL COURT

Appeal of John and Karen　　　　　} 　Docket No. 113-5-02 Vtec
Vesosky　　　　　　　　　　　　　 }
　　　　　　　　　　　　　　　　　 }
　　　　　　　　　　　　　　　　　 }
　　　　　　　　　　　　　　　　　 }

### Decision and Order on Town=s Motion for Summary Judgment

Appellants John and Karen Vesosky appealed from a May 3, 2002, decision of the Development Review Board (DRB) of the Town of Jericho, granting Appellee-Applicant Christine Germano= s request to remove Condition 8 of subdivision approval applicable to her property. Appellants are represented by John J. Collins, Esq.; Appellee-Applicant is representing herself in this matter; the Town is represented by Gregg H. Wilson, Esq.

The Town has moved for summary judgment, seeking dismissal of the appeal. The following facts are undisputed unless otherwise noted.

On April 18, 2000, the DRB approved the application of Edwarda Dubrul-Aiken to subdivide a 46.1-acre parcel of land into three parcels: Lot 1, containing 10.2 acres, with frontage on Snipe Island Road and containing an existing house; and Lots 2 and 3, containing 11.1 and 24.8 acres, respectively, which were vacant at the time of the subdivision approval. The subdivision plan showed access to Lot 2 by a driveway extending from Lot 1, and access to Lot 3 by an extension of that driveway across Lot 2 and onto Lot 3. At the time of the approval Lot 3 was improved with a well and a septic system, and Lot 2 did not then have a septic system design. Appellants are adjoining landowners to Lots 1 and 2 of the subdivision.

Because at the time of the subdivision approval Lot 2 did not have a septic system design, the permit applicant requested Aa deferral of permits and development rights@ for that lot. The DRB approved the subdivision with the following Condition 8 applicable to Lot 2:

Any development of or on Lot #2 will be deferred and is not approved, subject to any application for such development which will require review and approval by the Development Review Board.

Appellants claim they did not receive notice of the April 13, 2000 hearing on the subdivision approval required by Article II, Section 3 of the Town= s subdivision regulations. They state that they only learned of the issuance of the April 2000 subdivision approval in December 2000, after noticing the posted signs along the edge of their property abutting the subdivision, and thereafter examining the Town records. The Town asserts that it in fact did send notice to Appellants prior to the April 2000 hearing. The state statute does not require individual notice to adjacent landowners.

In 2001, Edwarda DuBrul-Aiken conveyed Lots 2 and 3 of the subdivision to Maria J. Germano and Appellee as joint tenants.

On February 19, 2002, Appellee applied to the DRB for removal of the deferral of permits on Lot 2 that had been imposed by Condition 8. Appellants received notice of and participated in the DRB hearings held in March and April 2002 to consider this application. By the time of those hearings, a mound-type septic system had already been installed on Lot 2. On May 2, 2002, Maria J. Germano conveyed Lot 2 to Appellee.

On May 3, 2002, the DRB issued the decision on appeal in the present case, removing the > deferral of permits= for Lot 2, approving the septic system design as presented at the hearing, and requiring Appellee to submit the revised plans to the Zoning Administrator and a written inspection report by the project engineer verifying compliance with the approved plans. The site plan approved in connection with this decision shows a boundary adjustment adding 32 acres to Lot 2 and subtracting it from Lot 3, but it appears from the deed conveying Lot 2 to Appellee that only a septic easement on Lot 3 had been conveyed to Lot 2.

Question 1 of Appellants= Statement of Questions presents issues concerning the original subdivision proceedings that could only have been raised in an appeal of the April 2000 subdivision decision. Appellants argue that the DRB= s failure properly to notify them of the April 2000 hearing automatically rendered the April 18, 2000 decision void, and therefore also should invalidate the DRB proceedings in 2002.

Upon discovery of the posted signs in December of 2000, Appellants may have had grounds to file a late appeal of the April 2000 subdivision approval, claiming that lack of notice of that hearing prevented them from filing a timely appeal[1]. However, for the purposes of the present proceeding, the April 2000 subdivision approval decision became final without appeal, and cannot be collaterally attacked in this proceeding. 24 V.S.A. ' 4472. Question 1 is simply beyond the scope of the present appeal from the May 3, 2002 DRB decision.

Questions 2 through 6 address whether the May 2002 DRB decision should have considered other development criteria for the approval of development on Lot 2, other than the adequacy of the septic system. To the extent that the challenged criteria relate to the standards for subdividing the original 46-acre parcel into three parcels, they had to have been raised in the April 2000 proceedings and cannot now be collaterally attacked in the present proceeding. However, if any of the challenged criteria relate instead to the suitability of Lot 2 itself for its intended use, that is, to the decision of whether to lift the deferrals of permit, then they should be considered in the present application. We take each question in turn.

Question 2 asserts the applicant= s failure to submit, in connection with the development of Lot 2, a site plan and supporting materials required for a minor subdivision under Article II, Section 1 and Article II, Section 2, Checklist III. However, all that had to be submitted regarding Lot 2 was the information necessary to determine whether that lot could be developed for a septic system and a location for a single-family house meeting the town= s regulations. Such information was submitted with the application, see Exhibits E and F[2] to the Town= s motion for summary judgment, except to the extent discussed regarding Question 6, below. Summary judgment is therefore granted to the Town on Question 2 (except as discussed regarding Question 6, below.

Question 3 asserts that Lot 2 had to have been greater in size to allow its development, due to the zoning regulations relating to lots without sufficient frontage,(' 302.6) and those relating to minimum lot size. (' 302.1.1) However, this question relates to whether the original 46-acre lot met the criteria for being subdivided into 3 lots of the subdivided sizes, not whether Lot 2 is suitable for construction of a septic system to serve a single-family house. Question 3 is therefore beyond the scope of the present appeal from the May 3, 2002 DRB decision.

Question 4 asserts a lack of input from the Jericho Conservation Commission. However, Appellants have not pointed to any requirement in the Town= s regulations requiring such input, whether for the present decision on whether Lot 2 can be developed for a single-family residence, or even for the 2000 subdivision decision. Summary judgment is therefore granted to the Town on Question 4.

Question 5 claims that the fact that Lot 2 is within the Town= s Conservation zoning district (rather than its Agricultural zoning district) should have triggered the consideration of the

Conservation district= s purpose statement (' 202.3) in the decision of whether to lift the deferral of permits on Lot 2. However, a single family residence is a permitted use in the Conservation district; the purpose statement for the district cannot change that use category. Summary judgment is therefore granted to the Town on Question 5.

Question 6 claims that a portion of Lot 2 is within the Town= s River zoning district, and that the purpose of the River zoning district as stated in ' 202.2 is that Adevelopment should be very limited and dwellings should not be constructed in this zone.@ The question of whether any portion of Lot 2 is in the River zoning district should have been considered in the decision of whether to lift the deferral of permits on Lot 2. The Zoning Administrator= s affidavit states that no part of the proposed development (that is, the building envelope, the septic system, or the septic system replacement area) is located in the River zoning district, and that Appellants had not introduced evidence to the contrary at the DRB hearings. However, Appellants are correct that the boundaries of the River zoning district within Lot 2 must be plotted on the site plan for Lot 2, in order to determine whether the building envelope or the septic system locations are located within this zoning district and how that might affect their approval, before the decision of whether to lift the deferral of permits should be made in this de novo proceeding. Summary judgment is therefore DENIED on Question 4, as material facts are in dispute.

Question 7 of the Statement of Questions asks whether the DRB erred in its May 3, 2002 decision by failing to consider other development criteria (presumably, other than those discussed in Questions 2 through 6) in determining whether Lot 2 could be developed for a single-family residence. However, Appellants do not identify any other criteria that the DRB (and hence this Court) should have considered in making its decision, other than those already discussed with respect to Questions 2 through 6. Summary judgment is therefore granted to the Town on Question 7.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that the Town= s Motion for Summary Judgment is GRANTED as to Questions 1, 2, 3, 4, 5 and 7 of the Statement of Questions. We will hold a telephone conference on January 6 or 7, 2003 (see enclosed conference notice) to schedule any necessary hearing on the issues remaining from Question 6. We are now scheduling dates into February. However, please note that we do have a half-day available at the Chittenden District Courthouse in the morning of January 2, 2003 for that hearing, if the parties wish to use it. If so, please first discuss the date with each other and then advise the Clerk of the Court of that preference as soon as possible and no later than December 27, 2002.

Done at Barre, Vermont, this 17th day of December, 2002.


_____
Merideth Wright
Environmental Judge

---

**Footnotes**

[1.] The Court takes no position in this decision as to whether Appellants would have been allowed to file a late appeal in December of 2000, under the reasoning of Town of Randolph v. Estate of White, 166 Vt. 280 (1997); nor as to whether their failure to appeal in December 2000 precludes their filing a late appeal now, that is, two years later.

2. The Town's memorandum describes Exhibit F as being two-sided, but the copy supplied to the Court is single-sided.