**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

Appeal of Tibbits          }
                          }
                          }      Docket No.272-12-02 Vtec
                          }
                          }

<u>Decision and Order on Cross-Motions for Summary Judgment</u>

Appellant Andrew Tibbits appealed from decision of the Development Review Board (DRB) of the Town of Marshfield, affirming the Zoning Administrator= s Notice of Violation that Appellant violated the Zoning Bylaws by using his camp as a primary residence. Appellant is represented by Glenn C. Howland, Esq.; the Town is represented by Paul S. Gillies, Esq. Both parties have moved for summary judgment.

The following facts are undisputed unless otherwise noted.

Appellant= s parents own property on Taylor Farm Road in the Town of Marshfield, including a farmhouse used as their residence with the address of 30 Taylor Farm Road. From about 1998 Appellant= s parents were in failing health, and Appellant moved to their property in Marshfield. As of early 2001 Appellant= s mother was moved to a wheelchair accessible addition to his sister= s home in California. As of early 2002 Appellant= s father was moved to a subacute care facility in California.

Appellant= s parents= property also included a sugarhouse located about an eighth of a mile from the farmhouse. In late June of 2001, Appellant obtained a zoning permit to extend the sugarhouse to 30' x 40' in area, with water supply and sewage disposal facilities consisting of A sealed tank to be pumped as needed,@ to be used as a Acamp[1].@ The term Acamp@ is defined in the Zoning Bylaws as A[a] structure used primarily for recreational purposes and as a seasonal dwelling unit, not as a primary year round residential dwelling.@ The permit was not appealed and became final. The camp has the address of 87 Taylor Farm Road.

On May 16, 2002, the Zoning Administrator sent a letter to Appellant regarding his continued use of the Camp as a primary residence. The letter states that A this violation is being processed as prescribed in 24 V.S.A. ' 4444 and 4445@ but does not advise the recipient of any rights to appeal the decision to the DRB. The letter requires Appellant to cease using the camp A as your residence@ and warns that such use beyond June 1, 2002 will result in a $100 per day fine. On May 21, 2002, Appellant apparently replied in writing (as the fact of the reply is referred to in the Zoning Administrator= s June 21, 2002 letter), but that reply has not been provided to the Court by the parties.

On June 21[2], 2002, the Zoning Administrator sent a letter to Appellant stating that A the Town@ has determined that he is not residing at the 30 Taylor Farm Road farmhouse, and that A the Selectboard has determined that as of their meeting on June 18, 2002@ he was residing at the camp. The June 21, 2002 letter imposed a fine of $100 per day for the period June 2, 2002 through June 18, 2002 and informed Appellant of his right to appeal the Zoning Administrator= s decision to the DRB within 15 days.

Appellant filed a timely appeal of the June 21, 2002 Notice of Violation with the DRB. He argues that in this appeal he should also be allowed to contest the statements in the Zoning Administrator= s May 16, 2002 letter, as he was given no notice of his right to appeal the May 16, 2002 letter or that it would become final without such an appeal. Appellant also argues that the procedural irregularities of the May 16, 2002 letter require that the A enforcement action@ be dismissed and that the facts do not indicate that the camp is used as a primary residence.

Appellant is correct that the Zoning Administrator=s May 16, 2002 letter failed to state that it was a decision of the zoning administrator that could be appealed, failed to state how to appeal it, and failed to warn Appellant that it would become final and could not later be contested if not appealed to the DRB within 15 days. Accordingly, he may raise issues from the May 16, 2002 letter in his timely-filed appeal to the DRB from the June 21 (or 25), 2002 Notice of Violation. Town of Randolph v. Estate of White, 166 Vt. 280, 283-87 (1997).

However, nothing in the procedural history of this appeal requires that the Town= s enforcement efforts be dismissed. As no actual enforcement action has been filed of which the Court is aware, all that is before the Court in the present case is Appellant= s appeal of the Zoning Administrator= s letters or notices of violation. Appellant is entitled to come forward with evidence supporting his assertion that he is living in the 30 Taylor Farm Road farmhouse, and that he only uses the 87 Taylor Farm Road camp as an occasional >retreat= or recreational or seasonal dwelling[3], within the limits of the Zoning Bylaws and his June 2001 permit for the camp. The Town is entitled to come forward with evidence to contradict Appellant= s assertions, and to file an enforcement action if one is warranted. Material facts are in dispute as to the nature and extent of Appellant= s use of the camp.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant= s Motion for Summary Judgment is GRANTED to the extent that in this appeal he may contest issues raised by the Zoning Administrator= s March 16, 2002 letter as well as the June 21 (or 25), 2002 Notice of Violation, but is otherwise DENIED, as material facts are in dispute. The Town= s cross-motion for summary judgment is GRANTED in part and otherwise DENIED, for the same reasons.

Done at Barre, Vermont, this 3rd day of April, 2003.


_____
Merideth Wright
Environmental Judge

---

### Footnotes

[1]    Although the May 16, 2002 letter refers to other 'stipulations' or agreements regarding the use of the camp, no other conditions are found in the permit itself.

[2]    Four days later, on June 25, 2002, the assistant town clerk sent Appellant a modified version of this letter containing an inadvertently omitted sentence.

[3]    Or that he was so using the camp from June 2 through June 18, 2002.