STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
Environmental Division Unit                           Docket No. 60-5-15 Vtec

---

Chester v Carrara & Carrara Logging & Land Clearing, LLC

---

## ENTRY REGARDING MOTION

Count 1, Municipal Enforcement (60-5-15 Vtec)
Count 2, Municipal Enforcement (60-5-15 Vtec)

Title:           Motion to Dismiss (Motion 1)
Filer:           Jason Carrara
Attorney:        Melvin D. Fink
Filed Date:      July 28, 2015

Response filed on 08/14/2015 by Attorney James F. Carroll for Plaintiff Town of Chester
        Plaintiff's Memorandum in Opposition to Defendant Jason Carrara's Motion to Dismiss
and Certificate of Service

**The motion is DENIED.**

        Jason Carrara, the owner and operator of Carrara Logging and Land Clearing, LLC, is alleged to have engaged in an unpermitted commercial use of residential property in the Town of Chester, Vermont (Town), thus violating the Town's zoning ordinance. The Town issued a Notice of Violation (NOV) addressed to "Jason and Cheryl Carrera" by certified mail on March 3, 2015, and served the NOV on Jason Carrara in person on April 28, 2015. The NOV alleged that "Mr. and Mrs. Carrera" were storing, parking, and servicing commercial vehicles at their residential property located at 141 Marc's Drive in Chester, Vermont (Property), without a permit. According to the Town, Jason Carrara's unpermitted commercial use of the Property is in violation of the Chester Unified Development By-Law (CUDB) § 2.8. The NOV requested that Mr. and Mrs. Carrera "discontinue any use of the Property for the storage, parking or servicing of commercial vehicles and remove from the Property all equipment, fuel containers, and other materials used in servicing the commercial vehicles." (Town of Chester Notice of Violation, filed on March 3, 2015). The NOV provided that the failure to appeal the NOV within 15 days would render the NOV a final decision on the zoning violation.

        On July 10, 2015, the Town, having received no notice of appeal, filed an Amended Complaint for Enforcement (Complaint), naming Jason Carrara and Carrara Logging and Land Clearing, LLC, as Defendants.[1] The Complaint identified Chester and Cheryl Carrara as the owners of the Property, and alleged that Jason Carrara, an occupant of the Property, was conducting his trucking business—Carrara Logging & Land Clearing, LLC— from the Property in violation of CUDB § 2.8. The Town requested the Court award the Town fees of $100 per day of

---

[1] An earlier complaint was filed on May 27, 2015 that named "Chester (Jason) Carrera and Cheryl Carrera" as Defendants. (Complaint, Filed on May 27, 2015). Any error in the May 27 Complaint was remedied by the subsequent Amended Complaint.

violation plus its costs and issue a permanent injunction requiring Jason Carrara to discontinue any "use of the Property for the storage, parking or servicing of commercial vehicles and for the removal of all equipment, fuel containers, and other materials used in servicing the commercial vehicles from the Property." (Amended Complaint, No. 60-5-15 Vtec, filed on July 10, 2015).

On July 28, 2015, Jason Carrara filed a motion to dismiss the Complaint, claiming that he lacked notice of the NOV and thus was deprived of an opportunity to appeal and present a defense. Jason Carrara maintains that, because the NOV was addressed to "Mr. and Mrs. Carrera," he was led to believe it was only intended for his mother and father, Chester and Cheryl, and did not pertain to him. Defendant's Motion to Dismiss argues only for dismissal on due process grounds, claiming that the NOV's inadequate notice deprived him of opportunity to defend and appeal. For the following reasons, the Court denies Defendant's Motion to Dismiss and finds that there was adequate notice to apprise Defendant of the reasons for the NOV and to inform him of the appropriate remedy to challenge the alleged violation.

It is well recognized that "'[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Town of Randolph v. Estate of White, 166 Vt. 280, 283 (1997) (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). A party receives adequate notice if the notice of the alleged violation provides: "(1) the factual basis for the deprivation, (2) the action to be taken against them, and (3) the procedures available to challenge the action." Id. at 284. Notice need not be technically perfect in every respect. As the United States Supreme Court has put it, "The due process of law clause . . . does not impose an unattainable standard of accuracy." Grannis v. Ordean, 234 U.S. 385, 395 (1914). Therefore, "[i]f a defendant within the jurisdiction is served personally with process in which his name is misspelled, he cannot safely ignore it on account of the misnomer." Id. at 395; see also Lively v. Northfield Sav. Bank, 2007 VT 110, ¶ 7, 182 Vt. 428 ("When all of the parties to an action can plainly identify the person, place, or thing at issue, the misspelling of a name cannot be said to deprive those parties of notice."). The keystone for the constitutional inquiry is whether the notice "apprise[d] the affected individual of, and permit[ed] adequate preparation for, an impending [enforcement action]." Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 14 (1978); see also Sec'y, Vermont Agency of Natural Res. v. Irish, 169 Vt. 407, 411 (2007) (noting that notice is sufficient if person of ordinary intelligence would understand what is prohibited).

Here, Defendant Jason Carrara claims the notice was inadequate because the NOV was addressed to "Jason and Cheryl Carrera" and began with the salutation "Dear Mr. and Mrs. Carrera." (NOV, filed on March 3, 2015). Defendant claims that because the greeting used "Mr." instead of "Jason," and included his mother's name in the address and greeting, he believed that the intended recipient of the NOV was his father and mother, and due to the ambiguity he was not aware of the need to defend and appeal the NOV. He also asserts that the in-person service of the NOV did not overcome any ambiguity in the NOV because he refused to sign the Return of Service form and thus did not accept service.

Defendant's arguments are unconvincing. Initially, the Court notes that the notice the Town sent in this case was not actually inaccurate. While it may not be common, it is not incorrect to address a mother and her adult son as "Mr." and "Mrs." While Defendant Jason Carrara may not be accustomed to such a formal greeting, he is an adult and the use of "Mr." as a salutation in a letter is not false. The fact the NOV included his mother's name, considering that both he and his mother live at the same location, does not render the NOV so vague as to prevent a reasonable person from understanding its scope and purpose. See Irish, 169 Vt. at 411.

Moreover, even if the greeting at the beginning of the notice were considered an inaccuracy, minor defects do not necessarily render notice constitutionally inadequate. The NOV, when read as a whole, was sufficiently clear for reasonable person to understand what conduct was prohibited and to prepare for an impending enforcement action. See id. at 411; Memphis Light, Gas & Water Div., 436 U.S. at 14. The NOV named Jason specifically, was mailed to the address Jason maintains as his residence, described Jason's commercial trucking activities, and was then served on him in person. The description of the alleged violation clearly conveyed that the NOV was directed at Jason Carrara and his use of the Property for his commercial business. Thus, any ambiguity in the greeting was resolved by the specific description of the alleged violation—activities that only pertained to Jason Carrara and his commercial business. There is no suggestion that Jason's father, Chester, ran a separate commercial trucking business or that there was any confusion about what activities constituted the alleged violation or the steps necessary to challenge the NOV. Reinforcing the fact that Jason was the intended recipient, Jason was served in person with the NOV on April 28, 2015. The fact that he refused to sign the return of service form does not negate the effective notice resulting from the in-person service.

Ultimately, while it may be the case that the Town could have addressed the NOV only to Jason Carrara, the Court finds that the NOV, as it currently exists, adequately informed Defendant Jason Carrara that the NOV was directed at his commercial use of the Property and that the Town would proceed with an enforcement action if that commercial use did not cease. Therefore, for the foregoing reasons, Defendant Jason Carrara's Motion to Dismiss is **DENIED**.

Electronically signed on October 19, 2015 at 11:06 AM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
James F. Carroll (ERN 1907), Attorney for Plaintiff Town of Chester
Melvin D. Fink (ERN 2519), Attorney for Defendant Jason Carrara
Melvin D. Fink (ERN 2519), Attorney for Defendant Carrara Logging & Land Clearing,