STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
                                                   Docket No. 56-6-18 Vtec

| Town of Sharon v. Walter Radicioni |
|---|

## ENTRY REGARDING MOTION

Count 1, Municipal Enforcement (56-6-18 Vtec)

Title:            Motion to Dismiss (Motion 1)

Filer:            Walter Radicioni

Attorney:      Marc D. Nemeth

Filed Date:    June 26, 2018

Response in Opposition filed on 07/12/2018 by Attorney Stephen F. Coteus for Plaintiff Town of
        Sharon

**The motion is DENIED.**

        The matter before the Court is an enforcement action initiated by the Town of Sharon
("Town") against Walter Radicioni regarding the property located at 2911 Route 14 in Sharon,
Vermont ("Subject Property").  The motion currently pending before the Court is Mr. Radicioni's
motion to dismiss this enforcement action for improper service of process pursuant to V.R.C.P.
Rule 12(b)(7).

        On March 15, 2018, the Town Administrative Office sent a Notice of Violation ("NOV") to
Mr. Radicioni at the Subject Property by certified mail.  The NOV was issued to address the
storage of unauthorized materials on the Subject Property within a Flood Hazard Area in violation
of §§ 6.3 and 7.1 of the Town's Flood Hazard Bylaw.  The United States Postal Service attempted
delivery on both March 17, 2018 and March 22, 2018.  Mr. Radicioni refused to accept the NOV
in both instances.  Further, the Town recorded the NOV in the Town's Land Records on March
21, 2018.  The Town then asked the Windsor County Sheriff's Deputy to attempt informal service
by hand delivery while on patrol.  Mr. Radicioni again refused service.  Finally, on approximately
April 16, 2018, Mr. Radicioni appeared before the Town Selectboard.  At this time, Mr. Radicioni
discussed the NOV with the Selectboard.  The Selectboard attempted to give Mr. Radicioni a copy
of the NOV, but he again refused acceptance.

        Pursuant to 24 V.S.A. § 4451(a), "no action may be brought under this section unless the
alleged offender has had at least seven days' warning notice by certified mail."  By his Motion,
Mr. Radicioni concedes that he was served with the Town's Complaint "on or after June 6, 2017

[sic]."[1]  Defendant's Motion to Dismiss, filed on June 26, 2018, at 1, ¶ 2.  A copy of the March 15, 2018 NOV was included with the Complaint as an attached Exhibit B.  See Town Complaint, filed on June 6, 2018 at 2, ¶ 6.

Mr. Radicioni asserts that he is not the owner of the Subject Property.  Instead, Down River Investments, LLC ("Down River") owns the property.  Down River is registered with the Vermont Secretary of State's Office as a member -managed limited liability company; Mr. Radicioni is listed as its sole listed member and registered agent.  The company's principal place of business is located at 5198 Route 14, Sharon, Vermont.

Mr. Radicioni has a physical address in West Hartford, Vermont and a P.O. box in Sharon, Vermont.  Because the Town failed to serve Down River, Mr. Radicioni argues, the matter must be dismissed.

The Town disagrees.  It asserts that it was not required to serve the NOV on the property owner, but on the alleged offender, who the Town asserts is Mr. Radicioni.  Further, it asserts that Mr. Radicioni was the sole individual the Town could serve the NOV upon.  Therefore, as Mr. Radicioni is the sole agent authorized to receive the NOV on Down River's behalf, the Town asserts that notice upon him is imputed upon the company.

24 V.S.A. § 4451(a) does not require notice to be given to the owner of a property where an alleged zoning violation occurred.  Instead, the statute references the alleged offender.  Alleged offender is not defined within the statute.  In determining the meaning of a statute, "we look to the plain language as the primary indication of the Legislature's intent."  State v. Therrien, 2011 VT 120, ¶ 9, 191 Vt. 24.  "If the plain language is clear and unambiguous, we enforce the statute according to its terms."  Id.

Black's Law defines "offender" as "[c]ommonly used in statutes to indicate person implicated in the commission of a crime and includes person guilty of a misdemeanor or traffic offense."  *Offender*, BLACK'S LAW DICTIONARY, (5th ed. 1979).  In the context of a violation of a zoning ordinance, an offender is the person implicated in the commission of the violation.  Therefore, the term "alleged offender" is not limited to the property owner.

Such a definition is logical in the context of § 4451(a) as it represents the broader nature of those who use or occupy property and, therefore, can potentially violate zoning ordinances.  While it may frequently be that the property owner is the alleged offender, § 4451(a) reflects the fact that, in some instances, such may not be the case.  To limit § 4451(a) to targeting property owners exclusively would result in an inability for municipalities to seek enforcement actions against those who use or occupy property but are not owners.  Therefore, the Town's failure to serve Down River is not grounds for dismissal in this enforcement action.

Finally, we note the important purpose of notice.  Specifically, that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the

---

[1]  We assume that Defendant's date reference here is a typographical error.  The Court's records reflect that the Complaint was filed with the Court on June 6, 2018.

pendency of the action and afford them an opportunity to present their objections."  Town of Randolph v. Estate of White, 166 Vt. 280, 283 (1997) (citation omitted).

The Town asserts that it reasonably believed that Mr. Radicioni was the alleged offender. We understand this assertion to be an implicit admission that the Town now acknowledges the Down River is the sole fee owner of the Subject Property.  Mr. Radicioni has previously interacted with the Town regarding the Subject Property, including addressing the Selectboard regarding the pending NOV.  Neither of these asserted facts, however, serve as a factual foundation for granting Defendant's motion to dismiss this enforcement action.

The Town provided notice to Mr. Radicioni in compliance with § 4451(a).[2]  Therefore, if the Town can demonstrate at trial that Mr. Radicioni in his individual capacity is responsible for the alleged violations at the Subject Property, it may seek a judgment against him in the present action.

We note, however, that should the Town wish to seek recovery against Down River, it would need to issue a new notice of violation, naming Down River as one or more of the offenders.  Such a notice would be subject to the usual statutory and appellate rights.  There being no such notice issued in this matter, we cannot subsequently add Down River as a party in this matter, in which Mr. Radicioni alone is listed on the NOV.  To do so would run afoul of the due process rights inherent to the notice requirement.  We therefore decline to grant the Town's offer to amend its complaint to include Down River.

For the forgoing reasons, the matter can continue with Mr. Radicioni appearing in his individual capacity.  Therefore, his motion to dismiss the action is **DENIED**.

So, ordered.

Electronically signed on October 19, 2018 at Brattleboro, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:

Stephen F. Coteus (ERN 8050), Attorney for Plaintiff Town of Sharon
Marc D. Nemeth (ERN 3675), Attorney for Defendant Walter Radicioni

---

[2] To the extent Mr. Radicioni argues that the NOV was not mailed to his personal address and, therefore, is improper, we disagree.  Section 4451(a) does not designate the location at which notice shall be provided.  Here, the Town provided notice by certified mail sent to the Subject Property.  This is reasonable and adequate notice.