# STATE OF VERMONT

SUPERIOR COURT                                          ENVIRONMENTAL DIVISION
                                                        Docket No. 131-12-19 Vtec

| Beliveau NOV |
|---|

## ENTRY REGARDING MOTION

Count 1, Municipal DRB Appeal from ZA (131-12-19 Vtec)

Title:          Motion to Dismiss for Failure to State a Claim (Motion 1)
Filer:          Leon Beliveau
Attorney:       John L. Franco
Filed Date:     February 11, 2020

Response filed on 02/28/2020 by Attorney Kimberlee J. Sturtevant for Interested Person City of Burlington
        Opposition
Response filed on 02/28/2020 by Attorney John L. Franco for Appellant Leon Beliveau
        Reply

**The motion is DENIED.**

Leon Beliveau (Appellant) files a motion to dismiss the September 9, 2019 notice of violation (NOV) for failure to state a claim, pursuant to V.R.C.P. 12(b)(6) and V.R.E.C.P. 2(d)(2)(v). The City of Burlington (City) opposes this motion, contending Appellant had sufficient notice of the alleged violation, which charged Appellant with violating occupancy standards of the Burlington Comprehensive Development Ordinance (Ordinance) at 38 Greene Street, Burlington, Vermont (the Property). Appellant is represented by John L. Franco, Jr. Esq. The City is represented by Kimberlee J. Sturtevant, Esq.

A motion for failure to state a claim may not be granted unless it is beyond doubt that there are no facts or circumstances that would entitle the City to relief. Colby v. Umbrella, Inc., 2008 VT 20, ¶ 5, 184 Vt. 1 (citation omitted). We take all well-pleaded factual allegations in the Complaint as true and "assume that the movant's contravening assertions are false." Alger v. Dep't of Labor & Industry, 2006 VT 115, ¶ 12, 181 Vt. 309 (citation omitted).

1

The Vermont Supreme Court has recognized that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Town of Randolph v. Estate of White, 166 Vt. 280, 283 (1997) (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). Adequate notice of an alleged violation requires "(1) the factual basis for the deprivation, (2) the action to be taken against them, and (3) the procedures available to challenge the action." Id. at 284 (holding that failure to inform a landowner of their statutory right to contest an administrator's decision was a violation of due process).

Notice need not be technically perfect to be sufficient. Grannis v. Ordean, 234 U.S. 385, 395 (1914) (stating that dues process "does not impose an unattainable standard of accuracy"); Chester v. Carrara & Carrara Logging & Land Clearing, LLC, No. 60-5-15 Vtec. slip op. at 2 (Vt. Super. Ct. Envtl. Div. Oct. 19, 2015) (Walsh, J) (holding adequate notice was attained when the notice of violation was incorrectly addressed to defendants' parents); see also Lively v. Northfield Sav. Bank, 2007 VT 110, ¶ 7, 182 Vt. 428 ( stating that "[w]hen all of the parties to an action can plainly identify the person, place, or thing at issue" a minor issue, such as the misspelling of a name, does not deprive parties of notice). Indeed, the Court is directed in such cases to assess whether the notice "apprise[d] the affected individual of, and permit[ed] adequate preparation for, an impending [enforcement action]." Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 14 (1978); see also Sec'y, Vermont Agency of Natural Res. v. Irish, 169 Vt. 407, 411 (2007); see Grayned v. City of Rockford, 408 U.S. 104, 108 (1972) (stating that due process requires notice sufficient to "give the person of ordinary intelligence a *reasonable opportunity* to know what is prohibited" and to "provide explicit standards for those who apply them") (emphasis added). The degree of technical accuracy "varies with the nature—and in particular, with the consequences of enforcement—of the statutory provision." Irish, 169 Vt. at 411 (quoting General Media Communications, Inc. v. Cohen, 131 F.3d 273, 286 (2d Cir. 1997)).

Here, the NOV describes the violation as an "[o]ccupying structure with more than four unrelated adults in an RM zone, inconsistent with the Family Definition of the Comprehensive

2

Development Ordinance Article 13."[1]  (City of Burlington Ex. A at 1, filed Feb. 28, 2020) [hereinafter City's Ex. A].  The definition of "family" includes "[o]ne or more persons occupying a dwelling unit and living as a single . . . unit . . . ."  Ordinance Art. 13 § 1.2.  The NOV identified that site visits in May of 2019 and on September 4, 2019 confirmed seven people living at the property as the factual basis for a violation.  City Ex. A at 2.  The NOV also informs the Appellant of procedures available to remedy or challenge the action, including removal of the violation, applying for a determination recognizing occupancy, entering into an agreement with the City, or appealing the NOV.  Id.

In this matter, Appellant alleges the NOV's use of the term "structure" in contrast to "dwelling unit" failed to provide sufficient notice required by procedural due process of the alleged violation.  The City contends the NOV was sufficient to supply notice as it provides a description of the violations and details of the investigation that together provide clear notice.  In addition, the City argues that the Property contains a single dwelling unit, which clarifies any ambiguity that a "structure" may contain more than one dwelling unit.

The NOV provides sufficient notice.  As reflected above, minor defects do not necessarily render notice constitutionally inadequate.  The NOV, when considered with the accompanying violation details, is sufficiently clear for a person of ordinary intelligence a reasonable opportunity to know what conduct resulted in a violation and to prepare for an impending enforcement action.  See Irish, 169 Vt at 411; Memphis Light, Gas & Water Div., 436 U.S. at 14; Grayned, 408 U.S. at 108.  The description of the alleged violation clearly states that the NOV is directed at the use of the Property for occupying "more than four unrelated adults" and includes a potential remedy of "reducing the occupancy to no more than four (4) unrelated adults."  City's Ex. A at 2.  In addition, the NOV details section address two site visits in which seven individuals were living at the Property as the foundation for a violation.  Id.  This provides a reasonable interpretation that the NOV is addressing a violation of the occupancy limitations instituted in the "family" definition of the Ordinance.

While the NOV used the broad term "structure" rather than "dwelling unit," the Ordinance clearly defines a single, detached dwelling unit is defined as a "[f]ree standing

---

[1] The term "structure" is defined as "[a]ny construction, erection, assemblage or other combination of materials to form a construction that is stable, including but not limited to, buildings . . . [listing various formations]."  Ordinance Art. 13 § 1.2.

3

residential *structure*." Id. (emphasis added).  Here, the Property in question contains only one "structure" which is a single dwelling unit.  Moreover, many of the other "structures" such as apartments, duplexes, or triplexes require multiple dwelling units.  See Ordinance Art. 13 § 1.2 (defining "duplex" as "[a] single structure containing two (2) separate dwelling units, regardless of the type of construction").  Therefore, while a "structure" may allow greater occupancy of unrelated adults, a structure's occupancy is still limited by the number of dwelling units within it.  As the Property only contains a single dwelling unit, the NOV is clear in the lawful occupancy limit.

While the City Could have addressed the NOV more clearly, the issued NOV adequately informed the Appellant that the NOV was directed at a violation of the four person occupancy limit, pursuant to the Ordinance Art. 13 § 1.2 concerning "family," and that the City would proceed with an enforcement action if no remedy was procured.  Therefore, Appellant's motion to dismiss is **DENIED**.

So ordered.

Electronically signed on May 29, 2020 at 11:49 AM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
John L. Franco (ERN 5781), Attorney for Appellant Leon Beliveau
Kimberlee J. Sturtevant (ERN 4778), Attorney for Interested Person City of Burlington