**STATE OF VERMONT**
**ENVIRONMENTAL COURT**

|                          |   |                              |
|--------------------------|---|------------------------------|
|                          | } |                              |
| **Town of Waterbury**    | } |                              |
|                          | } |                              |
| **v.**                   | } | **Docket No. 73-4-06 Vtec**  |
|                          | } |                              |
| **John Neville**         | } |                              |
|                          | } |                              |

### Decision on Cross-Motions for Summary Judgment

The Town of Waterbury (Town) filed this enforcement action against Defendant John Neville, alleging that Mr. Neville was allowing "junkyard-like" activity to occur on his property at 145 Loomis Hill Road in violation of the Town Zoning Regulations. The Town is represented by Will S. Baker, Esq. and Mr. Neville is represented by Christopher J. Nordle, Esq. Now pending before the Court are both parties' cross-motions for summary judgment.

### Background

The following facts are undisputed unless otherwise noted.

1. On September 19, 2005, the Town Zoning Administrator issued a Notice of Violation[1] to Mr. Neville by certified mail related to his property at 145 Loomis Hill Road.

2. The Notice of Violation informed Mr. Neville that he was in violation of the Town zoning regulations for "operating a junk yard like activity" on his property "due to the storage of unregistered vehicles and debris without a proper permit."

3. The Notice also informed Mr. Neville how he could cure the violation (by completely "clean[ing]" the property and informing him that, should he fail to do so, he would be subject to legal action and fines pursuant to 24 V.S.A. § 4451.

4. Finally, the Notice informed Mr. Neville of his right of appeal to the Zoning Board of Adjustment.

5. Mr. Neville did not appeal the Notice of Violation.

---

[1] This was apparently the second Notice of Violation sent to Mr. Neville regarding the junk vehicles and other items on Mr. Neville's property. However, the first Notice of Violation is not at issue in this appeal.

**Discussion**

The Town filed a motion for partial summary judgment, requesting an entry of judgment that, since September 19, 2005, Mr. Neville has been operating a junkyard on his property in violation of both 24 V.S.A. § 4449(a)(1) and Town of Waterbury Zoning Regulations § 306. Mr. Neville opposes the Town's motion and filed his own cross-motion for summary judgment, in which he asserts that the Town's Notice of Violation cannot be enforced because it was unconstitutionally vague and thus violated his due process rights.

We note at the outset that summary judgment is appropriate only if the pleadings and other evidence "show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." V.R.C.P. 56(c)(3); see also Wentworth v. Fletcher Allen Health Care, 171 Vt. 614, 616 (2000) (mem.) (citing Madden v. Omega Optical, Inc., 165 Vt. 306, 309 (1996)). The party opposing summary judgment is entitled to "the benefit of all reasonable doubts and inferences." Montgomery v. Devoid, 2006 VT 127, ¶28.

To enforce its zoning regulations against an individual violator, a town must first provide the individual with "at least seven days' warning notice by certified mail." 24 V.S.A. § 4451(a). The issuance of a notice of violation has two important consequences. First, once it has issued, and after the seven day period has expired, the town may bring a civil enforcement action against the individual in the Environmental Court. Id. Second, appeal of the notice of violation is the individual's "exclusive remedy" with respect to the notice's substantive charges. Id. § 4472(a). That is to say, the notice of violation becomes "final" upon the lapse of the fifteen-day appeal period if no appeal is taken. Id. § 4465(a).

This rule of finality, however, does not bar an individual from raising constitutional defenses to the enforcement of a notice of violation. Town of Randolph v. Estate of White, 166 Vt. 280, 281-282 (1997). As the Vermont Supreme Court has observed, "[d]ue process concerns arise whenever the state deprives an individual of an interest in the use of real or personal property." Id. at 285. A notice of violation threatening an individual with deprivation of property and monetary fines therefore invokes due process concerns.

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) (citing,

inter alia, Milliken v. Meyer, 311 U.S. 457, 463 (1940)). In Estate of White, the Vermont Supreme Court held that a notice of violation stating that the defendant should remove junk from his property or "face fines," together with a statement that the defendant could consult with the town attorney or the zoning administrator, was not "reasonably calculated to inform" him that he could challenge the substantive allegations contained in the notice and that he had only fifteen days in which to do so. 166 Vt. at 285; see also City of S. Burlington v. JAM Golf, LLC, et al., Docket Nos. 66-3-02 Vtec, 117-5-02 Vtec, and 158-7-02 Vtec, slip op. at 12–13 (Vt. Envtl. Ct., Aug. 30, 2005) (finding notice of violation violated due process when it failed to adequately specify property address where violations occurred). In White, the Supreme Court determined that, in order to survive due process scrutiny, "the notice [of violation] must state the facts that support the finding of a violation, the action the state intends to take, and information on how to challenge the notice." Id.

Here, Mr. Neville argues in his summary judgment motion that the Town's September 19, 2005 Notice of Violation was unconstitutional because it did not adequately define the violation with which Mr. Neville was charged. In support of his argument, Mr. Neville first claims that the use of the term "junk yard like activity" is too vague to allow him to determine what prohibited activity he is engaged in. Mr. Neville then argues that the use of the terms "unregistered vehicles" and "debris" on the Notice do not help to define "junk yard like activity" and that, in fact, the Zoning Regulations require an analysis of whether vehicles are in "running condition," not whether they are registered.

We disagree. Under the test set forth in White, the Town's September 19, 2005 Notice of Violation stated the facts that supported the finding of a violation, which is that Mr. Neville was essentially operating a junk yard on his residential property by accumulating "junk", in the form of vehicles and other debris. Mr. Neville has not disputed the authenticity of the photographs attached to the Affidavit of the Zoning Administrator submitted in support of the Town's supplemental memorandum, filed September 25, 2006. See Exhibits 4. The determinative issue in this case is not whether the vehicles shown in these photos are registered or in running condition, but whether they contribute to "junk yard like activity" being conducted on Defendant's property. Several of the exhibited vehicles are full of debris; some of the debris is piled up to the vehicles' interior roofs. Whether these vehicles run or are registered, the

3

uncontested photos show that they are contributing to the accumulation of junk on Defendant's property, in violation of Bylaws § 306(a)(1).

The operation of a junk yard is specifically prohibited in the district where Mr. Neville resides. Regulations § 306(a)(1) (prohibiting "junk yards" in all districts); Regulations § 1010.[2] The information contained in the Notice of Violation adequately detailed for Mr. Neville the nature of this violation. Finally, the use of the term "junk yard like" does not render the term "junk yard" vague, especially in light of the fact that it is defined in Regulations § 1010. The use of the term "like" in the context of this Notice of Violation does not rise to the level of a constitutional infirmity.

In addition, the September 19, 2005 Notice of Violation informed Mr. Neville of the specific action the municipality intended to take—legal action and fines of up to one hundred dollars per day—and provided him with information on how to appeal the Notice to the Zoning Board of Adjustment, a right Mr. Neville chose not to exercise. Therefore, the Notice of Violation did not violate Mr. Neville's due process rights.

With respect to the Town's argument regarding the finality of the unappealed Notice, as we noted above, the exclusive remedy for challenging the substantive allegations of a notice of violation is to appeal it to the proper panel, which, in this case, is the Zoning Board of Adjustment. 24 V.S.A. § 4472(a). Barring an appeal, and absent any constitutional defects, the Notice becomes final when an individual fails to appeal. Id. § 4465(a). Because Mr. Neville did not appeal the September 19, 2005 Notice of Violation, and because we find no due process violation, the violations contained in the Notice—that Mr. Neville was storing vehicles and debris on his property in violation of the Zoning Regulations—are final and enforceable.

For the foregoing reasons, the Town's motion for partial summary judgment is **GRANTED** and Mr. Neville's motion for summary judgment is **DENIED**.

The only issues remaining for trial in this matter are the Town's requests for injunctive relief and monetary penalties. A hearing on those remaining issues will be scheduled after the Court Case Manager conducts a pre-trial conference, pursuant to the Notice of Hearing that accompanies this Decision.

---

[2] "Junk yard" is defined in § 1010 as "[l]and or building used for the collecting, storage, or sale of waste paper, rags, scrap metal, or discarded materials; or for the collecting, wrecking, dismantling, storage, salvaging and sale of machinery parts of vehicles not in running condition."

4

Done at Berlin, Vermont this 1st day of February, 2006.

_____
Thomas S. Durkin, Environmental Judge